**Phillip Devon DEEN, Appellant**

v.

**The STATE of Texas**

**NO. PD-1484-15**

Court of Criminal Appeals of Texas.

DELIVERED: February 15, 2017

ATTORNEYS FOR APPELLANT: Clay Thomas, 3548 NE Stallings Dirve, Nacogdoches, TX 75965.

ATTORNEYS FOR THE STATE: Britt Lindsey, Assistant District Attorney, 342 Chestnut, Abilene, TX, Stacey Soule, State's Attorney, Austin, TX.

## OPINION

Yeary, J., delivered the opinion of the Court in which Keller, P.J., and Keasler, Hervey, Richardson, Newell, Keel, and Walker, JJ. joined.

After being released from the penitentiary earlier than permitted by the statutory minimum sentence for his crime, Appellant was convicted of another crime, and his sentence was enhanced by his prior conviction. He argued on appeal that his prior judgment of conviction was void because it imposed confinement for less time than the statutory minimum and that, because it was void, it should not have been used to enhance his sentence for a subsequent offense. We hold that an appellant may not reap the benefit of an illegally lenient sentence and then, once he has discharged that sentence, invoke the illegal lenity in an attempt to prohibit the use of that conviction to enhance the sentence for a subsequent offense.

## BACKGROUND

After violating the conditions of his deferred adjudication, Appellant was adjudicated guilty of aggravated robbery, a first degree felony, Tex. Penal Code § 29.03, and possession of cocaine, a third degree felony.[1] Tex. Health & Safety Code § 481.115(c). Although a first degree felony carries a minimum sentence of five years,[2] the adjudicating court sentenced Appellant to only four years in the penitentiary for the aggravated robbery, to be served concurrently with a four-year sentence for the cocaine possession. He was released from prison approximately nine months before the minimum sentence authorized by statute would have expired.[3]

Thirty days after he got out of the penitentiary for the aggravated robbery and cocaine possession offenses, Appellant was caught with cocaine again. This time, he possessed less than one gram, making the offense a mere state jail felony. Tex. Health & Safety Code § 481.115(b). However, the State pled Appellant's prior aggravated robbery conviction in the indictment in order to enhance the punishment range to that of a third degree felony. Tex. Penal Code § 12.35(c)(2)(A); Tex. Code Crim. Proc. art. 42.12 § 3g(a)(1)(F). The jury found Appellant guilty, and he elected to have the trial court assess punishment. At sentencing, Appellant pled "true" to the enhancement alleging the prior aggravated robbery conviction, and he admitted to the aggravated robbery conviction on cross examination.[4] The State introduced Appellant's pen packet, which included the judgments from his prior aggravated-robbery and possession-of-cocaine convictions. The trial court found the aggravated robbery allegation to be true and assessed punishment at four years' confinement in the penitentiary, which was within the two-to-ten-year range for third degree felonies. Tex. Penal Code § 12.34(a). Had the offense been punished as a state jail felony, the maximum term of confinement would have been two years. Tex. Penal Code § 12.35(a).

On appeal, Appellant contended that because his aggravated robbery sentence was shorter than the statutory minimum, the judgment imposing it was void, and his prior conviction was therefore unavailable to enhance his sentence in this case. On this basis, the Eleventh Court of Appeals reversed the trial court's judgment with respect to Appellant's punishment and remanded the cause for a new punishment hearing. *Deen v. State*, No. 11-13-00271-

---

1. Though Appellant was adjudicated guilty of aggravated robbery and cocaine possession on the same day, he committed the offenses approximately ten months apart.

2. The sentence for a first degree felony is imprisonment "for life or for any term of not more than 99 years or less than 5 years." Tex. Penal Code § 12.32(a).

3. Based on the pre-sentence time credited in the judgment for Appellant's aggravated robbery conviction, his four-year sentence for the aggravated robbery would have expired on approximately August 18, 2010. However, Appellant remained incarcerated until November 9, 2010, possibly because he had less pre-sentence time credited toward his cocaine possession sentence. A five-year sentence for the aggravated robbery would not have expired until approximately August 18, 2011. Appellant therefore has no more time left to serve on his aggravated robbery conviction, and was released approximately nine months earlier than he would have been had the adjudicating court imposed the statutory minimum sentence. We assume that when Appellant was released, he was fully aware that he had exhausted the sentence in his aggravated robbery judgment, and that he had served less than five years in prison.

4. Appellant disputed other aspects of his criminal history, including his prior conviction for the cocaine possession. However, he repeatedly confirmed that he had been previously convicted of the aggravated robbery.

CR, 2015 WL 6123728, at *7 (Tex. App.—Eastland Oct. 15, 2015) (mem. op., not designated for publication).

This Court granted the State's petition for discretionary review. The State argues, as it did before the court of appeals, that Appellant should be estopped from disputing the validity of his aggravated robbery conviction. The State posits two theories of estoppel. First, the State contends that, because Appellant has already "accepted the benefit" of an illegally lenient sentence, he should not be heard to complain of its illegality now. Second, the State argues that, by pleading "true" to the enhancement paragraph, Appellant caused the State to forgo the opportunity to introduce evidence at the punishment phase to show that the illegally lenient sentence was the product of a negotiated guilty plea. If the illegally lenient sentence was in fact the product of a plea bargain, the State maintains, then Appellant should be estopped from challenging it for that reason as well.[5]

Appellant accepted the benefit of his illegally lenient sentence, and we hold that he is therefore estopped by the prior judgment from collaterally attacking the validity of the conviction it imposed. Because Appellant is estopped under this estoppel-by-judgment principle, we need not reach the question of whether he should also be estopped by his plea of "true" to the enhancement (or by any plea bargain for the illegally lenient sentence that the State may have been able to prove absent the Appellant's plea of "true"—a kind of estoppel-by-contract principle). Nor need we decide whether his prior conviction is void.

## ANALYSIS

### The Opinion Below

The court of appeals analogized this case to *Wilson v. State*, 677 S.W.2d 518 (Tex. Crim. App. 1984). *Deen*, 2015 WL 6123728, at *7. Like Appellant, Wilson was sentenced to four years' incarceration for a first degree felony, which has a statutory minimum sentence of five years. 677 S.W.2d at 521. The State then used that felony conviction to enhance his punishment for a subsequent attempted burglary to life imprisonment. *Id.* at 520. We held that the prior conviction was void and should not have been used to enhance punishment, and we remanded for resentencing. *Id.* at 524. But we were not called upon to address, and did not address, the issue of estoppel in *Wilson*. The primary question in this case is not whether an illegally lenient sentence is void, but whether Appellant is estopped from complaining of the illegal lenity of his sentence after he has already taken advantage of that lenity. In short, can estoppel by judgment bar collateral attack of an illegally lenient sentence?

### Estoppel by Judgment

The argument that a conviction is void because the sentence is not authorized by the Legislature is subject to principles of estoppel.[6] Estoppel is a flexible doctrine that takes many forms. *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim.

---

5. The record before us does not indicate whether the illegally lenient sentence was a product of a negotiated plea bargain. The State also argues that, even if the case must be remanded for a new punishment proceeding, the State should still be given the opportunity to prove up such a plea bargain at the new punishment hearing and obtain an enhanced sentence. Given our ultimate disposition of the case, we need not address this argument.

6. For example, a plea agreement estops the parties from arguing that the agreed judgment imposes an illegally lenient sentence. *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007). Absolute statutory requirements that are not waivable or forfeitable under *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), may nevertheless be subject to estoppel. *See Gutierrez v. State*, 380 S.W.3d 167, 177 (Tex. Crim. App. 2012) (noting "this

App. 2007). We explicitly described two forms of estoppel in *Rhodes*: Estoppel by contract and estoppel by judgment. *Id.* Estoppel by contract describes the situation in which "a party who accepts the benefits under a contract is estopped from questioning the contract's existence, validity or effect." *Id.*; 31 C.J.S. *Estoppel & Waiver* § 164, p. 542 (2008). Estoppel by judgment is a form of estoppel whereby a person "who accepts the benefits of a judgment, decree, or judicial order is estopped from denying the validity or propriety thereof, or of any part thereof, on any grounds; nor can he or she reject its burdensome consequences." *Id.*; 31 C.J.S. *Estoppel & Waiver* § 172, p. 553 (2008). To be estopped by a judgment, a person must accept the benefits of the judgment voluntarily. *Gutierrez v. State*, 380 S.W.3d 167, 178 (Tex. Crim. App. 2012). In *Rhodes*, we declared that "[t]he variant of estoppel at issue here is 'estoppel by judgment.'" 240 S.W.3d at 891. We concluded that a "de-

fendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of the illegal leniency." *Id.* at 892.

Although *Rhodes* addressed estoppel by judgment in the context of a hypothetical plea agreement, and therefore spoke in terms of accepting the benefits of an "agreed" judgment, we have since made it clear that the focus of estoppel by judgment is the acceptance of a benefit rather than an agreement contemporaneous with the judgment. In *Murray v. State*, 302 S.W.3d 874, 882 (Tex. Crim. App. 2009), we characterized *Rhodes* as holding that "a party who accepts the benefit of a judgment that imposes an illegally lenient sentence is estopped from challenging the judgment at a later time." [7] This is the rule that applies here.

■ Appellant ultimately accepted the benefit of an illegal four-year sentence

---

Court's recognition, in *Saldano v. State*, [70 S.W.3d 873, 888 & n.69 (Tex. Crim. App. 2002)], that under some circumstances, the doctrine of estoppel can trump even *Marin's* category of non-forfeitable/non-waivable absolute requirements or prohibitions"); *see also Prystash v. State*, 3 S.W.3d 522, 530-32 (Tex. Crim. App. 1999) (observing that *Marin*-categorizing a claim that the death penalty was imposed contrary to statute in *Powell v. State*, 897 S.W.2d 307 (Tex. Crim. App. 1994), did not preclude the application of the invited error doctrine, a species of estoppel).

7. In declining to invoke estoppel by judgment, and relying on *Wilson* to invalidate Appellant's prior aggravated robbery conviction, the court of appeals made two mistakes. First, it concluded that this Court "did not rely upon estoppel grounds for its resolution in *Rhodes*." *Deen*, 2015 WL 6123728, at *6. Second, it construed *Rhodes* to require the existence of a plea agreement with respect to the illegally lenient sentence as a prerequisite to any application of the doctrine of estoppel by judgment. *Id.* at *7.

The record in *Rhodes* did not reveal whether any plea bargain had taken place or, if it

had, whether it had embraced an agreement with respect to the illegally lenient punishment. Our holding in *Rhodes* was two-fold. Both facets of our holding were equally necessary to our resolution of the case. First, assuming that there had been no plea bargain with respect to punishment, we held that the type of punishment defect involved was not such as to render the entire conviction void, because it was subject to being remedied "without resort to resentencing." 240 S.W.3d at 889. Under that scenario, Rhodes could not obtain the relief he sought because the prior conviction used to enhance the punishment in his current conviction was not void after all. *Id.* Second, assuming that there *had* been a plea bargain that included the illegally lenient punishment, the prior conviction may have been void because it would not have been subject to remedy without the necessity of resentencing. *Id.* at 887. Under those circumstances, we held alternatively that, once Rhodes had reaped the benefits of the illegally lenient punishment, he was estopped from complaining about it later. *Id.* at 892. It is true that we characterized the benefits he enjoyed as having derived from an "agreed"

upon conviction of a crime for which the Legislature has mandated a minimum sentence of five years. Approximately four years passed between the date the adjudicating court imposed the illegally lenient sentence and the date the trial court below imposed the enhanced sentence. During that time, Appellant never complained about the aggravated robbery sentence's lenity. Instead, he served his illegally lenient sentence and was content to be released from prison altogether approximately nine months early. Thus, he took full advantage of the benefit of his illegally lenient sentence, and he cannot now deny its validity.

■ Appellant argues that he could not have voluntarily accepted the benefit of his aggravated robbery sentence because there is no plea agreement in the record and the sentence was "imposed" upon him by the judgment. But the question is not whether Appellant agreed to the prior judgment or negotiated for the sentence that it imposed. Unlike an estoppel by contract, which might prevent a defendant who has plea-bargained for a particular judgment from challenging its validity, an estoppel by judgment arises not when the person voluntarily agrees to the judgment, but when the person voluntarily accepts its benefits after the judgment issues. Voluntary acceptance of the benefits of a judgment can occur without an agreement. *Cf.*

*In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 741 (Tex. 2005) (holding that non-signatories of a contract containing an arbitration clause who seek a direct benefit of the contract are bound by the arbitration clause). The benefit here was Appellant's release from prison approximately nine months earlier than the Penal Code would have otherwise permitted. Appellant did not challenge the illegal lenity of his aggravated robbery conviction until after he had accepted this benefit.

The only circumstance that we have found to constitute involuntary acceptance of a benefit occurred in *Gutierrez v. State*, 380 S.W.3d 167 (Tex. Crim. App. 2012). In that case, the mother of four children, two of whom had special needs relating to Down's syndrome, plea bargained for probation so that she would be able to provide for her family. *Id.* at 170, 179. The trial court imposed a condition of probation requiring that she either obtain legal status within a year or leave the country—a condition that we found amounted to "banishment," which violated both the United States Constitution and the Texas Constitution. *Id.* at 173-74. We held that the mother was not estopped from challenging the banishment condition for the first time on appeal of her probation revocation, because she had no realistic choice but to accept the illegal condition. *Id.* at 179.[8]

Appellant faced no such circumstance. The specific issue Appellant complains of

---

judgment, *id.* but that was only a reflection of the particular plea agreement we hypothesized in *Rhodes*. We later recognized in *Murray* that such a plea agreement is not essential to application of estoppel by judgment. 302 S.W.3d at 882. Indeed, to hold that estoppel by judgment requires an agreement would render it merely redundant with estoppel by contract. The court of appeals failed to acknowledge our construction of *Rhodes* in *Murray*.

**8.** "What is more," we observed in *Gutierrez*, "a defendant ordinarily has no say in the trial

court's decision regarding the appropriate conditions of community supervision. What those conditions will be is not a product of negotiation; a defendant in [Gutierrez's] shoes must simply take them or leave them if she wants to avoid incarceration." 380 S.W.3d at 179. This delineation was significant because Gutierrez *had* negotiated for probation, and avoided incarceration as a result—a benefit of the judgment. The "public-policy considerations" that weighed against enforcing a banishment condition and Gutierrez's familial circumstances that required her to avoid in-

on appeal is not an unconstitutional condition of his community supervision, but the very benefit he accepted—the lenity of his sentence. Nothing prevented him from bringing the statutory minimum sentence to the attention of the court at the time that he was sentenced or, indeed, at any time before he was released early. It simply would not have been in his interest to do so at that time, as it may have resulted in a sentence within the statutory punishment range. Having accepted the benefit of his illegally lenient sentence, he cannot now avoid having the judgment it imposes be used to enhance his punishment for a subsequent offense.

## CONCLUSION

Estoppel by judgment turns on acceptance of benefits. Appellant here accepted the benefit of the lenity in the judgment he collaterally attacks. Estoppel by judgment bars this kind of collateral attack. Because Appellant is estopped, he is not entitled to a new punishment hearing. The portion of the court of appeals' judgment reversing the trial court's judgment and remanding Appellant's cause for a new punishment hearing is reversed. The judgment of the trial court, as otherwise modified by the court of appeals, is affirmed.[9]

Alcala, J., filed a dissenting opinion.

## DISSENTING OPINION

Alcala, J., filed a dissenting opinion.

The court of appeals got this one exactly right. I would affirm its judgment reversing the sentence imposed against Phillip Devon Deen, appellant, and awarding him a new punishment hearing. I agree with the court of appeals that, under the facts of this case, the doctrine of estoppel is an improper basis for denying appellant's complaint. The issue here is whether the doctrine of estoppel is a proper basis for rejecting appellant's challenge to the validity of his aggravated robbery conviction that was used by the State to enhance his punishment to a higher range for his instant conviction for possession of cocaine. If the doctrine of estoppel is inapplicable to appellant's challenge to his aggravated robbery conviction, as the court of appeals determined, then appellant's sentence for possession of cocaine is illegal because it is outside of the punishment range for that offense. I conclude that, although it is true that the doctrine of estoppel may apply to cases in which a defendant has plea bargained for an illegally lenient sentence or in which he has knowingly and voluntarily accepted the illegally lenient sentence, those are not the circumstances here. In this case, the doctrine of estoppel is inap-

carceration at all costs indicated that her acceptance of the probation was involuntary. *Id.* at 178-79. In light of her plea bargain for probation, the fact that she did not bargain for the banishment condition was something "more" that further supported the determination that the acceptance was involuntary. *Id.* at 179. Contrary to the dissenting opinion's intimation, nothing we said in *Gutierrez* suggests that the absence of an agreement, in itself, renders an acceptance of a benefit involuntary.

9. Although Appellant's punishment was enhanced by the prior robbery conviction to that of a third degree felony, he was nevertheless convicted of a state-jail felony. *See* Tex. Penal Code § 12.35(c) ("An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that...."). The trial court's judgment mistakenly recited that Appellant was actually convicted for a third degree felony offense, not a state jail felony. The court of appeals accordingly modified Appellant's judgment to reflect conviction for a state jail felony. *Deen*, 2015 WL 6123728, at *7. Nothing about our disposition of the State's petition for discretionary review today affects that modification.

plicable because (1) appellant never bargained for or agreed to the trial court's error in the aggravated-robbery case that resulted in more favorable treatment than what was permitted under the statutory punishment scheme, (2) the record fails to establish that appellant was aware of the improper sentence so that there is no evidence that he knowingly accepted the benefits of the illegal sentence, and (3) there is no proof that appellant voluntarily accepted the more favorable treatment so that this appears to be a case in which appellant merely silently submitted to a trial court's unilateral order. I thus agree with the court of appeals that appellant's prior conviction is void due to his being sentenced outside the statutory range of punishment and that the prior conviction is unavailable to enhance his punishment for the instant offense. I, therefore, respectfully dissent from this Court's judgment that reverses the court of appeals's judgment and upholds appellant's sentence.

## I. Background

Appellant was convicted of the state-jail felony of possession of less than one gram of cocaine, which ordinarily would be punishable with a statutory two-year maximum sentence for state-jail felonies.[1] In this case, however, the State alleged in the indictment that appellant had a prior conviction for aggravated robbery, which, if proven, would enhance the punishment range to that of a third-degree felony, with a minimum sentence of two years' imprisonment and a maximum sentence of ten years' imprisonment.[2] At sentencing, after appellant pleaded true to the enhancement as alleged, the trial court found the prior conviction for aggravated robbery to be true, and it sentenced appellant to four years in prison for the cocaine case. On

appeal, appellant contended that the prior conviction for aggravated robbery that had been used to enhance his punishment for the cocaine case was void because he had been sentenced below the statutory punishment range for that offense. On this basis, appellant asserted that, due to the void prior conviction for aggravated robbery, his four-year sentence for cocaine possession exceeded the statutory two-year maximum sentence for state-jail felonies and was thus illegal. The court of appeals agreed with appellant and remanded the case for a new trial on punishment. *Deen v. State*, No. 11-13-00271-CR, 2015 WL 6123728, at *5-7 (Tex. App.—Eastland Oct. 15, 2015) (mem. op., not designated for publication). On direct appeal, the court of appeals's opinion rejected the State's assertion that the doctrine of estoppel should prevent appellant from obtaining his requested relief, and the State filed this petition for discretionary review in response to that opinion.

## II. Analysis

I agree with the court of appeals that it is improper to rely on the doctrine of estoppel as a basis for upholding appellant's enhanced sentence for cocaine possession in this case. Here, appellant never bargained for or agreed to the trial court's error in the aggravated-robbery case that resulted in more favorable treatment than what was permitted under the statutory punishment scheme, nor is there anything in the record to establish that he was aware of the improper sentence or that he voluntarily accepted the more favorable treatment. Because the basic principles for establishing a claim of estoppel are not met under these circumstances, I cannot agree with this Court's determination that

---

**1.** *See* Tex. Health & Safety Code § 481.115(b); Tex. Penal Code § 12.35(a).

**2.** Tex. Penal Code § 12.35(c)(2)(A).

appellant is estopped from challenging his prior conviction on the mere basis that he benefitted from the prior judgment without any additional proof that he was even aware of the court's error. Below, I will explain further why I conclude that (A) general principles of estoppel by acceptance of benefits do not apply to this situation, and (B) this Court's precedent interpreting and applying the law of estoppel in similar contexts does not compel application of that doctrine to appellant's case.

## A. General Principles of Estoppel

Because the issue before this Court hinges on the proper application of the doctrine of estoppel, I begin my analysis by reviewing the principles underlying that doctrine. As the discussion below will show, the particular type of estoppel that this Court applies to appellant's case is one that turns on a party's acceptance of benefits flowing from a judgment. But that type of estoppel is inapplicable when, as in the instant case, the party's acceptance of benefits is involuntary and made without full knowledge of the relevant facts and circumstances.

> Broadly speaking, estoppel is defined as:
> 1. A bar that prevents one from asserting a claim or right that contradicts what one has said or done before or what has been legally established as true.
> 2. A bar that prevents the relitigation of issues.
> 3. An affirmative defense alleging good-faith reliance on a misleading representation and an injury or detrimental change in position resulting from that reliance.

BLACK'S LAW DICTIONARY 667 (10th ed. 2014). The doctrine has spawned many sub-species. Under the more specific theory of estoppel by contract, a litigant is barred from "denying a term, fact, or performance arising from a contract that the person has entered into." *Id.* at 668; *see also Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007) (estoppel by contract means that "a party who accepts benefits under a contract is estopped from questioning the contract's existence, validity, or effect"). Because the parties in the instant case agree that the record is inadequate to establish that any plea bargain existed in the aggravated-robbery case, I do not dwell on the proper application of estoppel by contract here.

Of greater relevance to the instant case is the theory of estoppel which provides that a party who accepts the benefits of a judgment is estopped from later challenging the judgment by appeal. *See Tex. State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002); *see also Taub v. Hous. Pipeline Co.*, 75 S.W.3d 606, 624 (Tex. App.—Texarkana 2002) ("When the basis of the estoppel is the acceptance of benefits by the party to be estopped, the need for application of the doctrine is supported by the rule that a person who accepts and retains the benefits of a particular transaction will not thereafter be permitted to avoid its obligations or repudiate the disadvantageous position."). Although this Court has in the past referred to this principle as estoppel by judgment, *see Rhodes*, 240 S.W.3d at 891, this species of estoppel is more commonly known in Texas civil law as the acceptance-of-benefits doctrine. *See, e.g., Waite v. Waite*, 150 S.W.3d 797, 803 (Tex. App.—Houston [14th Dist.] 2004).[3] The

**3.** I note here that, in Texas civil cases, estoppel by judgment is frequently referred to as another name for collateral estoppel, or issue preclusion. *See, e.g., Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 362 (Tex. 1971) ("The rule of collateral estoppel, or as sometimes phrased, estoppel by judgment, bars relitigation in a subsequent action upon a different cause of action of fact issues actually litigated and essential to a prior judgment.");

# 354

Texas Supreme Court has described this doctrine as providing that a "litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." *Amaro*, 87 S.W.3d at 544 (quoting *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950)). An exception to this doctrine applies "when the acceptance of benefits is not voluntary." *See Waite*, 150 S.W.3d at 803; *see also Smith v. Tex. Commerce Bank*, 822 S.W.2d 812, 814 (Tex. App.—Corpus Christi 1992) (if there is "no voluntary acceptance or acquiescence in the judgment," then estoppel by acceptance of benefits does not apply); *Garza v. Garza*, 155 S.W.3d 471, 475 (Tex. App.—San Antonio 2004) (acceptance-of-benefits doctrine "applies only to a voluntary acceptance of benefits" and thus does not apply to a party who is "compelled to accept the benefits of a judgment").[4]

Further, "[i]n order to create an estoppel by the acceptance of benefits, [ ] it is essential that the party against whom the estoppel is claimed should have acted with knowledge of the facts and of his rights." *Turcotte v. Trevino*, 499 S.W.2d 705, 712 (Tex. Civ. App.—Corpus Christi 1973). "It is, an indispensable requisite in order to assert the doctrine of estoppel that the person claimed to be estopped shall have had the full knowledge of the full facts at the time his conduct is alleged to be related thereto, in order to constitute the basis of estoppel." *Id.* at 712-13. "Estoppel can-

not be successfully asserted against a person who is ignorant of the facts or who acted under a mistake of facts, unless his ignorance or mistake is a result of negligence." *Id.* at 713; *see also Herschbach v. City of Corpus Christi*, 883 S.W.2d 720, 738 (Tex. App.—Corpus Christi 1994) (observing that, "[w]hen a person accepting benefits does not have knowledge of all material facts, ratification or estoppel cannot ensue from acceptance of the benefits"); *Little v. Delta Steel, Inc.*, 409 S.W.3d 704, 713 (Tex. App.—Fort Worth 2013) ("We have explained that there can be no estoppel from acceptance of the benefits by a person who did not have knowledge of all material facts") (citations and quotations omitted); *Richardson v. Allstate Tex. Lloyd's*, 235 S.W.3d 863, 865 (Tex. App.—Dallas 2007) (acceptance-of-benefits doctrine applies when a party "accepts a benefit voluntarily *and* with knowledge of all material facts").

The foregoing discussion makes clear that, before a court may properly apply the doctrine of estoppel by acceptance of benefits—or, as this Court has referred to it, estoppel by judgment—it must be shown that the party to be estopped accepted the benefits voluntarily and with full knowledge of all material facts. *See Richardson*, 235 S.W.3d at 865. Here, nothing in this record shows that appellant was aware that he was receiving any benefit at all, let alone establish that he was doing so voluntarily and with full knowl-

---

*Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 847 (Tex. App.—San Antonio 1997) ("Collateral estoppel, often referred to as issue preclusion and estoppel by judgment, is much more narrow than res judicata[.]"); *B & L Cherry Hill Assocs., Ltd. v. Fedders Corp.*, 696 S.W.2d 667, 669 (Tex. App.—Dallas 1985) ("Collateral estoppel is the doctrine of estoppel by judgment where *issues* have been adjudicated.").

4. In the civil context, an acceptance of benefits may be held to be "not voluntary because of financial duress or other economic circumstances." *Waite v. Waite*, 150 S.W.3d 797, 803 (Tex. App.—Houston [14th Dist.] 2004). The acceptance-of-benefits doctrine "often arises in divorce cases when one spouse accepts some of the benefits of the judgment and then tries to appeal the judgment." *In re M.A.H.*, 365 S.W.3d 814, 818 (Tex. App.—Dallas 2012).

edge of all material facts. Rather, the existing record shows only that appellant was sentenced by the trial-court judge who, on his own judgment, assessed against appellant an illegally lenient sentence for aggravated robbery. Nothing in this record shows that appellant agreed to the illegally lenient sentence, that he voluntarily accepted it, or that he even knew that the sentence was illegal. Given that the voluntariness and knowledge requirements for applying estoppel by acceptance of benefits have not been met here, I cannot agree that it is proper to apply that doctrine under these circumstances on the mere basis that the trial judge erred in appellant's favor based on the judge's independent assessment of a too-lenient sentence against appellant.

### B. Estoppel is Inapplicable to Appellant's Case Under a Proper Application of this Court's Precedent

Under a proper application of this Court's precedent, appellant's complaint is not subject to estoppel. As I explain in more detail below, I conclude that, by misunderstanding the law of estoppel as described in *Murray v. State* and *Rhodes v. State*, this Court's majority opinion reaches an erroneous result in this case. *See Murray v. State*, 302 S.W.3d 874, 882-83 (Tex. Crim. App. 2009); *Rhodes*, 240 S.W.3d at 891-92.

This Court's majority opinion determines that "the rule that applies here" is the law on estoppel by judgment as stated in *Murray*, but reliance on that case is misplaced. *See* 302 S.W.3d at 882. In *Murray*, the defendant had pleaded guilty to what he believed was a lesser-included misdemeanor offense of the charged felony offense, but, prior to his plea being accepted by the trial court, he moved to withdraw his plea. *Id.* at 876. The basis for Murray's request to withdraw his plea was his discovery that the misdemeanor of-

fense was not in fact a lesser-included offense of the offense charged in the indictment. *Id.* The trial court rejected his request and found him guilty of the misdemeanor offense. *Id.* On direct appeal, the court of appeals held that Murray's judgment of conviction was void or, alternatively, that the trial court had committed reversible error, and it further rejected the State's claim that Murray should be estopped from challenging the voidness of the trial court's judgment. *Id.* On discretionary review, this Court also rejected the State's theory of estoppel. *Id.* at 882-83. In addressing that argument, this Court described the relevant rule of estoppel by judgment by stating, "[A] party who 'accepts the benefits of a judgment, decree, or judicial order is estopped to deny the validity or propriety thereof, or any part thereof, on any grounds; nor can he reject its burdensome consequences.'" *Id.* (quoting *Rhodes*, 240 S.W.3d at 891). In support of that general proposition, this Court cited its prior opinion in *Rhodes*, and it further described the holding of that case as being that "a party who accepts the benefit of a judgment that imposes an illegally lenient sentence is estopped from challenging the judgment at a later time." *Id.* (citing *Rhodes*, 240 S.W.3d at 892). This Court swiftly concluded that estoppel by judgment as described in *Rhodes* was inapplicable to Murray's case because Murray had objected at trial and thus clearly did not accept the trial court's judgment or any benefit flowing from it. *Id.* (concluding that, given his objection at trial, Murray "did not accept the benefits of the judgment of conviction in this case").

Although this Court in *Murray* recited the general principle that estoppel may be triggered due to a party's acceptance of benefits, including the benefit of an illegally lenient sentence, this Court did not conduct any extensive analysis of what would

constitute acceptance of benefits in this context because, under the facts of that case that showed that Murray objected at trial, it could not reasonably be said under any construction of the rule that Murray had accepted the benefits of the judgment. *Id.* at 882. Because this Court swiftly rejected estoppel under the clear-cut facts, *Murray* did not present any detailed analysis of what would constitute an acceptance of benefits of a judgment, and thus that case provides little guidance as to whether the record in the instant case establishes that appellant voluntarily and knowingly accepted the benefits of the trial court's judgment, which is required for application of estoppel by judgment. *See Richardson*, 235 S.W.3d at 865. In sum, *Murray* illustrated a situation that plainly did not involve an acceptance of benefits because the defendant objected to the trial court's judgment. Importantly, that case did not hold that a defendant who passively receives an illegally lenient sentence but fails to object has voluntarily and knowingly accepted the benefit of that sentence. That was not the situation in *Murray*, and to the extent that the majority opinion now relies on *Murray* as the basis for establishing such a rule, it does so through a significant expansion of the general rule in *Murray* that is wholly untethered from the facts in that case.

This Court's reliance on *Rhodes*, a case decided two years prior to *Murray*, is similarly misplaced because the discussion of estoppel in that case was premised on the hypothetical existence of a plea bargain, but, in the instant case, there is no suggestion that any plea bargain existed. *See Rhodes*, 240 S.W.3d at 889. In *Rhodes*, the defendant had been convicted of escape from prison. *Id.* at 884. The written judgment for Rhodes's escape conviction failed to indicate that his ten-year sentence for that offense was to run consecutively with his prior sentences for burglary and sexual assault, as was required by statute. *Id.* (citing TEX. CODE CRIM. PROC. art. 42.08(b)). The record was silent as to whether the lack of a concurrent-sentencing order had been the product of a plea bargain. *Id.* Later, when Rhodes was indicted for more crimes, the State alleged the escape conviction for enhancement purposes, but Rhodes moved to quash the alleged enhancement on the basis that the judgment was void due to the lack of a proper consecutive-sentencing order. *Id.* The trial court rejected his request, but the court of appeals reversed. *Id.* at 885. On discretionary review, this Court initially observed that, although the written judgment was silent as to whether Rhodes's sentence had been a product of a plea agreement, the Court "need not decide" whether there had been a plea agreement regarding the concurrent-sentencing issue because, with or without a plea bargain, Rhodes's challenge to his prior conviction would fail. *Id.* at 887-88. The Court explained that, if there was no plea agreement on the concurrent-sentencing issue, then the judgment was not void and thus not subject to collateral attack because the judgment could be reformed on appeal to correct the error. *Id.* at 887, 889. On the other hand, the Court indicated that, if there was a plea agreement on the concurrent-sentencing issue, then Rhodes would be estopped from challenging the judgment on appeal. *Id.* at 887, 890-91. As to this matter, the Court explained that, in general, there are two varieties of estoppel—estoppel by judgment and estoppel by contract. *Id.* at 891. After reviewing the general principles underlying estoppel by judgment and estoppel by contract, this Court cited precedent from "several other jurisdictions [that] have held that a defendant cannot enter a plea agreement that imposes an illegal sentence, benefit from that sentence, and then attack the judg-

ment later when it is suddenly in his interests to do so." *Id.* at 891. The Court applied that principle to Rhodes's case and held that a "defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of the illegal leniency." *Id.* at 892. The Court further observed that, "[i]f [Rhodes] agreed to the concurrent sentencing provision, then through his own conduct he helped procure and benefit from the illegality and he should not now be allowed to complain." *Id.* *Rhodes*, therefore, was not decided on silent submission to a unilateral order of leniency by a trial-court judge; rather, it was based on a theory of Rhodes's plea-bargain agreement to the leniency.

The foregoing makes clear that the discussion of estoppel by judgment in *Rhodes* was rooted in this Court's assumption as to the existence of a plea bargain. Importantly, *Rhodes* does not support the position that estoppel by judgment may be applied to a non-plea bargain case, as here. Unlike *Rhodes*, nothing in this record shows that appellant "agreed" to the trial court's judgment, nor does it show that appellant, "through his own conduct[,] [ ] helped procure and benefit from the illegality." *Id.* Thus, even if his silent submission resulted in his receipt of a benefit from the illegality through a shorter prison sentence than that which he otherwise would have received under the applicable law, appellant may not be denied relief under the doctrine of estoppel as described in *Rhodes* that would apply only to situations in which a party helped in some way to procure the benefit, either by a contract or through some affirmative action. The instant record shows nothing more than that appellant was sentenced to four years in prison for aggravated robbery pursuant to the trial court's unilateral assessment of punishment. In sum, unlike this Court's majority opinion, I conclude that the combined force of *Rhodes* and *Murray* does not support the determination that this appellant is estopped from his collateral attack on his prior conviction, given that the record fails to show that he had any role in procuring the illegality or that he was even aware of the trial court's error in sentencing him outside the statutory range of punishment, let alone that he accepted the benefit voluntarily and knowingly.

This Court's majority opinion acknowledges that, before subjecting a defendant to estoppel under these circumstances, it must be shown that the defendant accepted the benefits of the judgment voluntarily, and it further concludes that requirement was met here. In support, it cites this Court's opinion in *Gutierrez v. State*, but I conclude that case instead supports my position that appellant's receipt of an illegally lenient punishment here was not voluntary. *See* 380 S.W.3d 167 (Tex. Crim. App. 2012). In *Gutierrez*, this Court considered whether a defendant, who was an illegal immigrant, could be subjected to a condition of community supervision that required her to leave the country within twelve months if she was unable to obtain lawful immigration status. *Id.* at 169. The court of appeals determined that the trial court lacked the authority to impose that condition upon Gutierrez, and it reversed the judgment revoking her community supervision. *Id.* at 173. On discretionary review, the State argued that Gutierrez should be estopped from complaining about the challenged condition because she had enjoyed the benefit of her contract with the trial court to place her on community supervision in exchange for her promise to abide by the prescribed conditions. *Id.* at 177. This Court disagreed. In declining to apply estoppel by judgment to Gutierrez's case, this Court explained that

"appellate courts in Texas have consistently held that, before the doctrine may apply, an appellant's acceptance of the benefits must be voluntary." *Id.* at 178. This Court went on to hold that, because Gutierrez's "acceptance of the trial court's *ultra vires* condition of community supervision was not wholly voluntary," estoppel by judgment was inapplicable. *Id.* at 179. The Court reasoned that Gutierrez, who along with her husband was responsible for providing for four children, "had every incentive to accept any contingency that would rule out her having to serve penitentiary time." *Id.* The Court continued,

> What is more, a defendant ordinarily has no say in the trial court's decision regarding the appropriate conditions of community supervision. What those conditions will be is not a product of negotiation; a defendant in the appellant's shoes must simply take them or leave them if she wants to avoid incarceration. Under these circumstances, we do not think that the appellant's acquiescence to the condition of community supervision that she leave the country constitutes an "acceptance" sufficient to trigger the doctrine of estoppel by judgment.

*Id.*

The same reasoning applied by this Court in *Gutierrez* applies to appellant's case and suggests that his receipt of an illegally lenient sentence was not wholly voluntary so as to warrant application of estoppel by judgment. Here, like the trial court's imposition of the unlawful condition of community supervision at issue in *Gutierrez*, the trial court's imposition of its illegal sentence is the type of determination as to which a defendant generally has no say and is not the product of negotiation. Further, as explained above, the record here fails to show any indication that appellant was aware that he was receiving

any benefit, let alone that he did so voluntarily. The crux of this Court's majority opinion's holding is that, because appellant benefitted from the trial court's error and because he did not object at trial or at any point prior to the instant proceedings, this shows that he voluntarily accepted the benefits and now he is estopped from complaining about the prior judgment. But this approach effectively eviscerates the requirement that the receipt of a benefit be voluntary and knowing. I cannot agree that this is a proper application of estoppel by judgment when there is no indication that appellant was aware of the trial court's error or that he voluntarily accepted the benefit flowing from that error. Here, as in *Gutierrez*, the record supports only the view that appellant silently submitted to a trial court's unilateral order and, therefore, that appellant did not act voluntarily in receiving the illegal sentence.

This Court's majority opinion holds that a defendant who was sentenced entirely outside of the applicable punishment range for an offense may not obtain relief from that conviction when he has benefitted from the illegal sentence, even when there is no evidence in the record to show that he agreed to the sentence or that he voluntarily and knowingly accepted the benefits of that sentence. This is a far too expansive view on the law of estoppel. The unintended consequence of this view will be to create a new preservation-of-error requirement for collateral attack that requires defendants to object to void sentences that are in their favor, even if they did not agree to the error, plea bargain for it, or know about it, because if they do not timely complain, then they will be estopped forever from challenging it once they discover the irregularity. Consequently, this Court's majority opinion's holding transforms the law of estoppel into a new preservation-of-error requirement

for complaints about void convictions with sentences that fall below the punishment range.

### III. Conclusion

For all of the foregoing reasons, I conclude that the doctrine of estoppel by judgment is inapplicable here because nothing in this record shows that appellant knowingly and voluntarily accepted the benefits of a too-lenient sentence that was erroneously and independently imposed by the trial-court judge at a sentencing hearing. I strongly disagree with this Court's expansion of the law of estoppel to disallow relief in situations in which a defendant did not either agree to the more lenient judgment through a plea bargain or acquiesce to the more lenient judgment through his knowledge of the benefit and voluntary acceptance of it. For these reasons, I would uphold the judgment of the court of appeals awarding appellant a new punishment hearing. I, therefore, respectfully dissent.