COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | | |
|---|---|---|---|
| | | § | No. 08-18-00053-CR |
| LUIS RODRIGUEZ, | | § | |
| | | | Appeal from the |
| | Appellant, | § | |
| | | | 41st District Court |
| v. | | § | |
| | | | of El Paso County, Texas |
| THE STATE OF TEXAS, | | § | |
| | | | (TC# 20160D00948) |
| | Appellee. | § | |

## O P I N I O N

Luis Rodriguez is appealing his conviction of evading arrest or detention with a previous conviction. A jury acquitted Appellant of assault on a public servant (Count I) but found him guilty of evading arrest or detention with a previous conviction (Count II). The jury also found both enhancement allegations true and assessed Appellant's punishment at confinement for two years. We affirm.

### ENHANCEMENT ALLEGATION

In his sole issue, Appellant contends that the evidence is legally insufficient to support the jury's finding that he had been previously convicted of evading arrest or detention because the prior conviction is void. More specifically, he argues that the prior offense was a third-degree felony, not a state jail felony, and that because his eighteen-month sentence was below the

minimum punishment for a third-degree felony, the prior conviction is void and could not be used for enhancement purposes in this case.

*Standard of Review*

When reviewing the sufficiency of the evidence, an appellate court considers all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex.Crim.App. 2012); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex.Crim.App. 2010). This standard of review applies to a sufficiency challenge directed at the affirmative findings necessary to sustain the imposition of an enhanced punishment. *See Young v. State*, 14 S.W.3d 748, 750 (Tex.Crim.App. 2000).

*Analysis*

A person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him. TEX.PENAL CODE ANN. § 38.04(a). Count II of the indictment charged Appellant with evading arrest or detention with a previous conviction for evading arrest or detention.[1] Thus, the indictment charged Appellant with a state jail felony. *See* TEX.PENAL CODE ANN. § 38.04(b)(1) (providing that evading arrest or detention is a class A misdemeanor except that the offense is a state jail felony if the actor has been previously convicted of evading arrest or detention). The jury found Appellant guilty of evading arrest with a previous conviction. Appellant does not challenge the sufficiency of the evidence supporting his conviction of evading arrest with a previous conviction.

---

[1] The indictment alleged that Appellant had been convicted of evading arrest or detention in 2008 in cause number 20080C04980 in the County Court at Law No. 4 of El Paso County, Texas.

The punishment range for a state jail felony can be enhanced to that of a third-degree felony if the State proves that the defendant has previously been finally convicted of two state jail felonies punishable under Section 12.35(a). *See* TEX.PENAL CODE ANN. § 12.425(a).

The indictment included two enhancement allegations:

And the Grand Jurors further present that prior to the commission of the primary offense, the Defendant was convicted of a state jail felony offense, to wit: on the 29th day of June 2012, in the 384th District Court of El Paso County, Texas, in Cause No. 20120D02659, said Defendant was convicted of the offense of Evading Arrest Detention w/Vehicle,

And it is further presented that prior to the commission of the primary offense, the Defendant, was convicted of a state jail felony offense, to wit: on the 27th day of June 2011, in the 384th District Court of the [sic] El Paso County, Texas, in Cause No. 20110D01556, said Defendant was convicted of the offense of Driving While Intoxicated w/Child Under 15YOA.

If the jury found both of these enhancement allegations true, the punishment range for the offense would be enhanced to a third-degree felony -- imprisonment for two to ten years. *See* TEX.PENAL CODE ANN. §§ 12.425(a), 12.34. Appellant's sufficiency argument is directed solely at the 2012 conviction for evading arrest or detention with a motor vehicle.

The State was required to prove beyond a reasonable doubt that this prior conviction exists, and that Appellant is linked to the prior conviction. *See Flowers v. State*, 220 S.W.3d 919, 921 (Tex.Crim.App. 2007). During the punishment phase, the State introduced into evidence the judgment for the 2012 evading arrest or detention conviction, and it connected Appellant to this conviction through the use of fingerprint comparison evidence. The judgment for the 2012 prior offense recites that the offense was a state jail felony. Consistent with that recitation, Appellant's punishment was assessed at confinement for eighteen months which is below the minimum punishment for a third-degree felony.

During the punishment charge conference, Appellant objected that the State had failed to allege and prove that he had been previously convicted of two state jail felony offenses because at the time he pled guilty to the 2012 prior offense, it was a third-degree felony. The State argued that the judgment for the prior evading arrest or detention offense reflected a conviction for a state jail felony offense. The trial court overruled Appellant's objection.

At the time Appellant entered his plea of guilty to evading arrest or detention with a motor vehicle in 2012, there was confusion whether the offense was a state jail or third-degree felony because the legislature had passed three bills amending Section 38.04 during the 2011 legislative session: Senate Bill 496, House Bill 3423, and Senate Bill 1416. *See* Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex.Gen.Laws 1046, 1046-47 (current version at TEX.PENAL CODE. § 38.04(b)(1), (2)) (Senate Bill 496); Act of May 24, 2011, 82nd Leg., R.S., ch. 839, § 4, 2011 Tex.Gen.Laws 2110, 2111 (current version at TEX.PENAL CODE. § 38.04(b)(1), (2)) (House Bill 3423); Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex.Gen.Laws 2321, 2322 (current version at TEX.PENAL CODE. § 38.04(b)(1), (2)) (Senate Bill 1416). These amendments resulted in two different punishment schemes.

Both Senate Bill 496 and House Bill 3423 provide that evading arrest or detention is a state jail felony where the actor uses a motor vehicle or watercraft in fleeing law enforcement and has not been previously convicted of the offense, but it is a third-degree felony if the actor has a previous conviction for evading arrest or detention. *See* TEX.PENAL CODE ANN. §§ 38.04(b)(1)(B), (b)(2)(A). Senate Bill 1416 provides that evading arrest or detention is a third-degree felony if the actor uses a vehicle while the actor is in flight regardless of whether the actor has a prior conviction for the offense. *See* TEX.PENAL CODE ANN. § 38.04(b)(2)(A). These two differing punishment schemes went into effect on September 1, 2011.

In *Adetomiwa v. State*, the Second Court of Appeals examined these legislative changes in detail and concluded that evading arrest or detention with a motor vehicle is a third-degree felony. *See Adetomiwa v. State*, 421 S.W.3d 922, 924 (Tex.App.--Fort Worth 2014, no pet.). Other appellate courts have reached the same conclusion. *See e.g., Warfield v. State*, No. 03-15-00468-CR, 2017 WL 2628563, at *11 (Tex.App.--Austin June 14, 2017, pet. ref'd) (mem. op., not designated for publication); *Jackson v. State*, No. 05-15-00414-CR, 2016 WL 4010067, at *7 n.1 (Tex.App.--Dallas July 22, 2016, no pet.) (mem. op., not designated for publication); *Moorhead v. State*, 483 S.W.3d 246, 248 (Tex.App.--Texarkana 2016, no pet.); *Salazar v. State*, 474 S.W.3d 832, 838-40 (Tex.App.--Corpus Christi 2015, no pet.); *Mims v. State*, 434 S.W.3d 265, 270 (Tex.App.--Houston [1st Dist.] 2014, no pet.); *State v. Sneed*, No. 09-14-00232-CR, 2014 WL 4755502, at *3-4 (Tex.App.--Beaumont September 24, 2014, pet. ref'd) (mem. op., not designated for publication); *Thompson v. State*, No. 12-13-00264-CR, 2014 WL 3662239, at *1-2 (Tex.App.--Tyler July 23, 2014, no pet.) (mem. op., not designated for publication); *Wise v. State*, No. 11-13-00005-CR, 2014 WL 2810097, at *4-5 (Tex.App.--Eastland June 19, 2014, pet. ref'd) (mem. op., not designated for publication); *Scott v. State*, No. 10-13-00159-CR, 2014 WL 1271756, at *2-3 (Tex.App.--Waco March 27, 2014, no pet.) (mem. op., not designated for publication); *Peterson v. State*, No. 07-13-00155-CR, 2014 WL 546048, at *1-2 (Tex.App.--Amarillo February 10, 2014, pet. ref'd) (mem. op., not designated for publication). We agree with our sister courts that the offense of evading arrest or detention is a third-degree felony when the defendant uses a vehicle in the flight, irrespective of previous convictions.

The State concedes that the prior evading conviction was a third-degree felony, and therefore, the eighteen-month sentence Appellant received for the 2012 offense is an illegal sentence. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex.Crim.App. 2003) (a sentence outside the

punishment range for the offense is illegal).  As noted by the State, the argument that a conviction is void because the sentence is not one authorized by the legislature is subject to principles of estoppel.  *Deen v. State*, 509 S.W.3d 345, 348-50 (Tex.Crim.App. 2017).  The Court of Criminal Appeals has recognized two forms of estoppel:  estoppel by contract and estoppel by judgment. *Deen*, 509 S.W.3d at 348-49; *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex.Crim.App. 2007). Estoppel by contract describes the situation in which "a party who accepts the benefits under a contract is estopped from questioning the contract's existence, validity or effect."  *Deen*, 509 S.W.3d at 349 (quoting *Rhodes*, 240 S.W.3d at 891).  Estoppel by judgment will prevent a person from denying the validity or propriety of a judgment when the person has accepted the benefits of the judgment.  *See Deen*, 509 S.W.3d at 349; *Rhodes*, 240 S.W.3d at 891.  Thus "a party who accepts the benefit of a judgment that imposes an illegally lenient sentence is estopped from challenging the judgment at a later time." *Murray v. State*, 302 S.W.3d 874, 882 (Tex. Crim. App. 2009).

Appellant did not appeal his 2012 conviction to complain about his illegal sentence.  Thus, he accepted the benefit of the 2012 judgment which imposed an illegally lenient sentence of confinement for eighteen months when the minimum sentence for a third-degree felony is imprisonment for two years.  Consequently, he is estopped from denying the validity of the 2012 judgment.  *Deen*, 509 S.W.3d at 349-50 (holding that defendant, who had accepted the benefit of an illegal four-year sentence upon conviction of aggravated robbery, a crime for which the legislature had mandated a minimum sentence of five years, was estopped from arguing that the robbery sentence could not be used later to enhance his punishment for a subsequent offense).  We overrule Appellant's sole issue and affirm the judgment.

GINA M. PALAFOX, Justice

July 22, 2019

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)