**Reversed and Remanded and Opinion Filed March 20, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00827-CR**

**No. 05-21-00828-CR**

**PRESTON OLIN BURKLEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-2040748-P and F-20-40749-P**

## MEMORANDUM OPINION

Before Justices Nowell, Smith, and Miskel[1]
Opinion by Justice Miskel

Preston Olin Burkley appeals the trial court's judgments convicting him of

two counts of aggravated sexual assault of a child younger than fourteen years of

age. Burkley pleaded no contest to the offenses and the trial court assessed his

punishment at seventeen years of imprisonment for each offense. In one issue,

Burkley argues the trial court erred when it: (1) denied his defense counsel's motion

---

[1] Justice Leslie Osborne was a member of the panel for this appeal but, after the case was submitted, she resigned from this Court. Justice Osborne did not participate in the decision of this case. TEX. R. APP. P. 41.1(b). Justice Emily Miskel succeeded Justice Osborne. She has read the briefs and the record before the Court.

to require COVID testing; and (2) overruled his objection to appearing virtually at his plea hearing. Based on the recent opinion by the Texas Court of Criminal Appeals in *Lira v. State*, PD-0212-21, 2023 WL 151372 (Tex. Crim. App. Jan. 11, 2023), we conclude the trial court erred. The trial court's judgments are reversed and remanded for further proceedings consistent with this opinion.

## I. PROCEDURAL BACKGROUND

Burkley was indicted for two counts of aggravated sexual assault of a child younger than fourteen years of age. On September 15, 2021, on her own behalf, defense counsel filed a motion[2] requesting the trial court to require that Burkley be tested for COVID each morning of his plea hearing[3] in appellate cause no. 05-21-00827-CR (trial court cause no. F-20-40748-P).[4] She argued Burkley had a high risk of contracting and transmitting COVID-19 because the Dallas County Jail was currently experiencing an outbreak of the virus, she had the right to a safe work environment, she had children too young to be vaccinated, Burkley deserved an

---

[2] The motion for COVID testing begins, "COMES NOW [name of defense counsel], [a]ttorney of record for Defendant, Preston Burkley, and moves this honorable [trial] [c]ourt to order the Sheriff to test [Burkley] for COVID-19 each morning of trial and report the results of said testing to the [trial] [c]ourt each morning of trial." However, the prayer states the motion is made by "[d]efense [c]ounsel, on behalf of herself and [Burkley]."

[3] The State argues that the first paragraph of defense counsel's motion for COVID testing asked the trial court "to test [Burkley] for COVID-19 each morning of trial and report the results of said testing to the [trial court] each morning of trial" but there is nothing in the record showing Burkley's case was set for trial. Instead, it was set for a plea hearing. However, we note that the motion also states, "The case is to begin an open plea on September 17, 2021," and prays that "the [trial court] grant this motion and order the Sheriff to test [Burkley] for COVID-19 each morning of the hearing."

[4] The record does not contain a motion for COVID testing in appellate cause no. 05-21-00828-CR (trial court cause no. F-20-40749-P).

attorney who was not physically distant or apprehensive, and testing was minimally invasive. On September 16, 2021, the trial judge signed an order denying defense counsel's motion.

On September 17, 2021, Burkley entered a plea of no contest in each case and signed written plea agreements without the benefit of plea bargains–open pleas[5]– that, among other things, waived his constitutional rights, including the rights to a jury trial as to both guilt and punishment, remain silent, confront and cross-examine the witnesses against him, and an appeal. Burkley also signed a written judicial confession.

At the beginning of Burkley's plea hearing, defense counsel noted that her motion for COVID testing had been denied and Burkley was inside of an adjacent holdover room, appearing by Zoom videoconferencing. On behalf of Burkley, defense counsel objected to this arrangement. The trial judge noted "that if persons do not feel comfortable coming into the [courtroom] . . . [there] is always the availability to do things remote[ly] and/or virtual[ly]." The trial judge also stated that, during discussions off the record before the plea hearing, "it was [d]efense [c]ounsel's suggestion and idea that [] Burkley be placed in the holdover and a laptop be provided to Burkley, which [d]efense [c]ounsel did provide and the [trial] [c]ourt allowed." The trial court also noted that "the arrangement that we have today was

---

[5] *See Hodge v. State*, No. 05-18-00549-CR, 2019 WL 3212150, at *2 (Tex. App.—Dallas July 9, 2019, no pet.) (mem. op., not designated for publication) (discussing different types of "open pleas").

–3–

not of the [trial] [c]ourt's own doing, but it was . . . at the suggestion and carried out by [d]efense [c]ounsel in agreement with the [trial] [c]ourt and with the State."

After witness testimony and prior to his sentencing, defense counsel again objected on Burkley's behalf to his sentencing via videoconference. The trial court implicitly sustained the objection when it required the appearance of Burkley in open court, ordering the deputy to open the door so Burkley could stand at the door of the courtroom for his sentencing. And the reporter's record reflects that "[Burkley] entered the courtroom." At that point, the trial court assessed Burkley's punishment at seventeen years of imprisonment for each offense. Even though the written plea agreements contain Burkley's waiver of his right to appeal and the State's waiver of its right to a jury trial, Burkley notified the trial court that he wished to appeal, and the trial court certified that these were not plea-bargain cases and Burkley had the right to appeal.

## II. JURISDICTION

As a preliminary matter, we must address this Court's jurisdiction. The record shows that the written, open plea agreements waived Burkley's right to appeal and the State's right to a jury trial, but the trial court's certifications of appeal state that "[these are] not [] plea-bargain case[s], [Burkley] has the right to appeal." Although the parties do not address the issue of jurisdiction, this Court must independently satisfy itself that jurisdiction exists.

–4–

## A. Applicable Law

Jurisdiction concerns the power of a court to hear and determine a case; it is fundamental and cannot be ignored by a court. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled in part on other grounds by State v. Medrano*, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002). A court is obligated to consider sua sponte whether it has jurisdiction. *See Roberts*, 940 S.W.2d at 657.

Jurisdiction must be vested in a court by constitution or statute. *See id.* Stated another way, in criminal cases, the standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). Article V, § 6 of the Texas Constitution provides that a court of appeals shall "have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6. Generally speaking, a criminal defendant has a statutory right to appeal. *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018). Texas Code of Criminal Procedure article 44.02 provides as follows:

> A defendant in any criminal action has the right of appeal . . . provided, however, before the defendant who has been convicted upon either his plea of guilty or nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

TEX. CODE CRIM. PROC. ANN. art. 44.02; *see also* TEX. R. APP. P. 25.2(a)(2).

–5–

A defendant may knowingly and intelligently waive his right to appeal as part of a plea on a finding of: (1) a bargain between the State and the defendant; or (2) the defendant's knowledge of the consequences. *See Carson*, 559 S.W.3d at 494–95 (declining the State's request to abandon these requirements). If a defendant validly waives his right to appeal but nonetheless appeals, an appellate court must dismiss the appeal for lack of jurisdiction. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See Carson*, 559 S.W.3d at 492–93.

### B. This Court Has Jurisdiction Over Burkley's Appeal

Burkley signed plea agreements[6] stating he agreed to plead nolo contendere. The "open plea" admonished, "If the punishment assessed does not exceed the agreement between you and the prosecutor, the [trial court] must give its permission to you before you may appeal on any matter in this case except for those matters raised by written motions prior to trial." Under the heading "Defendant's Waiver of Rights and Judicial Confession," Burkley agreed to "[w]aive[] the right to appeal to the Court of Appeals." The written plea agreements bear the signatures of Burkley, defense counsel, the State, and the trial court. And under the heading "State's Approval," it states as follows:

---

[6] We note that handwritten in large letters on the first page of the written plea agreement was the word "Open."

> THE STATE OF TEXAS, by and through its Criminal District Attorney, upon the acceptance and approval of [Burkley's] waivers and stipulations of fact herein, waives its right to a trial by jury.

The agreement also contains findings by the trial court that Burkley's waivers and agreements were made knowingly and intelligently.

However, at the conclusion of Burkley's plea hearing, the following exchange occurred:

| | |
|---|---|
| Defense Counsel: | [Burkley], tell [the trial judge] you want to appeal. That's what—that's what—is something you can say right now. |
| Trial Court: | What your lawyer has advised you, [] Burkley, is that because this was an open plea, you have the right to appeal the case. |
| | Are you telling your lawyer at this time that you want to appeal the case? |
| Burkley: | Yes. |
| Trial Court: | Okay. |
| Defense Counsel: | I will submit Notice[s] of Appeal and ask the [trial court] to appoint you Appellate Counsel. |

The State did not object. Further, the trial court's judgments state that the terms of the plea bargains were "open plea," Burkley waived his right to a jury trial, and he made the pleas "freely and voluntarily, and was aware of the consequences of the plea[s]." The judgments do not mention any waiver of the right to appeal. And the trial court's certifications of appeal state that "[these are] not [] plea-bargain case[s], [Burkley] has the right to appeal."

After reviewing the entire record, the reporter's record demonstrates that Burkley wanted to appeal and was orally advised by defense counsel and the trial judge that he had the right to appeal, without objection by the State. The trial court consented and certified his right to appeal. Accordingly, we conclude this Court has jurisdiction over this appeal. *See Thomas v. State*, 615 S.W.3d 552, 565–66 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

## III. VIRTUAL APPEARANCE AT PUNISHMENT HEARING

In issue one, Burkley argues the trial court erred when it: (1) denied his motion to require COVID testing; and (2) overruled his objection to appearing virtually at his punishment hearing. He contends that by denying defense counsel's motion for COVID testing, the trial court forced defense counsel to either put her health and safety at risk or proceed without Burkley physically present in the courtroom. Also, he argues that when the trial court overruled his objection to appearing at his plea hearing by videoconference, it violated his fundamental right to be present in person in open court and to the effective assistance of counsel. The State responds that Burkley concedes that defense counsel's performance was not deficient, and the record shows he was not denied his confrontation rights or harmed by the unique circumstances of the case.

### A. Applicable Law

A defendant's in-person appearance in open court for a guilty plea hearing is both a substantive statutory right and a procedural requirement. *Lira*, 2023 WL

–8–

151372, at *10 (discussing Texas Constitution art. I, § 15 and Texas Code of Criminal Procedure arts. 1.12, 1.13, 1.15, 27.13, 33.03). A trial court simply lacks authority to enter a felony conviction unless a defendant appears in person and waives his rights in full compliance with the statutes that set out the conditions for a valid waiver. *Id.* at *10. As a result, a defendant's lack of in-person presence deprives a trial court of authority to accept the defendant's jury waiver and guilty pleas at all. *See id.* at *13. However, a defendant can affirmatively waive the right to participate in person after he pleads to the indictment or information. *Id.* at *10.

Article 27.19(a) of the Texas Code of Criminal Procedure provides two methods of waiving the right to a jury trial and entering a plea of guilty or no contest for an incarcerated defendant who is not present in person in open court: (1) a plea in accordance with article 27.18; or (2) a plea in absentia precipitated by a defendant's written waiver of his rights after sufficient notice of those rights. Article 27.18 provides, in part, as follows:

> (a)    Notwithstanding any provision of this code requiring that a plea or a waiver of a defendant's right be made in open court, a court may accept the plea or waiver by videoconference to the court if:
>
> > (1)    the defendant and the attorney representing the state file with the court written consent to the use of videoconference;
> >
> > (2)    the videoconference provides for a simultaneous, compressed full motion video, and interactive communication of image and sound between the judge, the attorney representing the state, the defendant, and the defendant's attorney; and
> >
> > (3)    on request of the defendant, the defendant and the defendant's attorney are able to communicate privately without

–9–

being recorded or heard by the judge or the attorney representing the state.

(b)    On motion of the defendant or the attorney representing the state or in the court's discretion, the court may terminate an appearance by videoconference at any time during the appearance and require an appearance by the defendant in open court.

CRIM. PROC. art. 27.18; *see also Lira*, 2023 WL 151372, at *11–12 (quoting an earlier version of the article referencing "closed circuit video teleconferencing"). As a result, a trial court has no authority to hold a videoconferenced plea hearing when the defendant has not consented. *Lira*, 2023 WL 151372, at *15; *cf. King v. State*, PD-1003-20, 2023 WL 2146402, at *4 (Tex. Crim. App. Feb. 22, 2023) (holding no due process violation because defendant's presence did not bear reasonably substantial relationship to defending pretrial hearing and violation of article 28.01 was harmless because defendant's absence did not substantially affect jury's decision).

Under *Lira*, the Texas Supreme Court's emergency order cannot suspend these requirements or give a court authority to proceed without a jury. *Lira*, 2023 WL 151372, at *12. An emergency order cannot abrogate a defendant's substantive statutory right to be present in person in open court. *Id.* The failure to secure a defendant's written consent to waive that right results in the abrogation of that right. *Id.* However, this does not prohibit the participants to a criminal proceeding from negotiating a waiver of the right to be present as part of a plea agreement. *Id.*

–10–

### B. Defendant Had the Right to Be Present In Person In Open Court at the Plea Hearing

We begin by reviewing the second part of Burkley's only issue on appeal—the trial court erred when it overruled his objection to appearing virtually at his punishment hearing. After the parties filed their briefs in this appeal, the Texas Court of Criminal Appeals handed down its opinion in *Lira*, which held that "a trial court has no authority to hold a videoconferenced plea hearing when the defendant has not consented." 2023 WL 151372, at *15. *Lira* is dispositive of this appeal.

In this case, Burkley did not file with the trial court his written consent to the use of videoconferencing. *See* CRIM. PROC. art. 27.18; *Lira*, 2023 WL 151372, at *11–12. Also, Burkley's signed written plea agreements did not contain a negotiated waiver of his right to be present at the plea hearing. *See Lira*, 2023 WL 151372, at *15. Even though the statute requires a written waiver, *Lira* would also allow a waiver to be made in person. *See Lira*, 2023 WL 151372, at *10 ("the trial court had no authority to preside over a videoconferenced plea hearing where the Appellants had not waived in person or in writing their right to be present."). In this case, the reporter's record does not reflect that Burkley waived in person his right to be present.

Accordingly, we conclude the record does not show that Burkley consented to a videoconferenced plea hearing. Therefore, under *Lira*, the trial court did not have any authority to hold the hearing or enter the conviction without the defendant's in-person participation.

### C. *Burkley is not Estopped from Raising this Error*

We note that this case presents an unusual set of circumstances because it was defense counsel's request that her client not participate in person. A party can be estopped from seeking appellate relief based on error that it induced. *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011). *Lira* suggests that a defendant's entitlement to an in-person appearance is a waivable-only right not subject to procedural preservation rules or a harm analysis. However, the invited-error doctrine prevents a party from taking advantage of an error that it invited or caused, even if that error is fundamental and involves an absolute or waivable-only right. *See Parnell v. State*, No. 02-19-00070-CR, 2020 WL 5666565, at *5 (Tex. App—Fort Worth Sept. 24, 2020, pet. ref'd) (mem. op., not designated for publication); *Deen v. State*, 509 S.W.3d 345, 348 n.6 (Tex. Crim. App. 2017); *Woodall*, 336 S.W.3d at 644–46; *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999).

In this case, after the trial court denied her motion for daily COVID testing and before the plea hearing began, defense counsel requested that the defendant remain in the adjacent holdover cell and participate by videoconference. However, her motion for daily COVID testing stressed the importance of the defendant's in-person participation. As the plea hearing began, defense counsel objected to the defendant appearing by videoconference. After testimony and before sentencing, defense counsel again objected to the defendant's participation by video. Because the defense explicitly raised the issue to the trial court and asserted the importance

–12–

of in-person participation, we do not consider Burkley to be estopped from raising this complaint on appeal.

### D. Burkley's Plea is Voidable

We conclude the trial court erred when it overruled Burkley's objection to appearing virtually at his punishment hearing. *See Lira*, 2023 WL 151372, at *7–15. Because the trial court was not authorized to accept Burkley's pleas by videoconference, his pleas are voidable. *Id.* at 15 (noting court of appeals correctly concluded pleas were voidable). The second part of issue one is decided in Burkley's favor.

Based on our resolution of the second part of Burkley's issue, we need not address the first part of his issue which argues the trial court erred when it denied defense counsel's motion to require COVID testing.

### IV. CONCLUSION

We conclude that we have jurisdiction over this appeal. Also, we conclude the trial court erred when it overruled Burkley's objection to appearing virtually at his punishment hearing. Burkley's pleas are voidable.

The trial court's judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

/Emily a. Miskel/
EMILY A. MISKEL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

210827F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PRESTON OLIN BURKLEY,
Appellant

No. 05-21-00827-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-2040748-P.
Opinion delivered by Justice Miskel.
Justices Nowell and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered March 20, 2023

–15–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PRESTON OLIN BURKLEY,
Appellant

No. 05-21-00828-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-2040749-P.
Opinion delivered by Justice Miskel.
Justices Nowell and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.


Judgment entered March 20, 2023