**Linda RICHARDSON, Appellant**

v.

**ALLSTATE TEXAS LLOYD'S, Appellee.**

No. 05–06–00100–CV.

Court of Appeals of Texas, Dallas.

Sept. 26, 2007.

Charles Raymond Nichols, John H. Carney & Associates, Chet Dingler, Dallas, for Appellant.

Roger D. Higgins, Jacquelyn Chandler, Thompson, Coe, Cousins & Irons, L.L.P., Dallas, for Appellee.

Before Justices MOSELEY, O'NEILL, and LAGARDE.

## SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

Opinion by Justice LAGARDE.[1]

Appellee Allstate's motion for rehearing is before this court.[2] In its first issue on rehearing, putting aside the issue of whether the appraisal award was in substantial compliance with the terms of the policy, Allstate asks whether the district court correctly considered Allstate's affirmative defenses and properly granted summary judgment on Richardson's extra-contractual claims.

Allstate raised the affirmative defenses of accord and satisfaction and estoppel. For reasons that follow, we conclude those affirmative defenses were without merit. We also conclude that because appellee's extra-contractual claims are inherently dependent on a proper appraisal award, appellee was not entitled to summary judgment. Consequently, the trial court erred in granting appellee summary judgment.

---

1. The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

2. Appellant Linda Richardson filed no response to appellee's motion for rehearing.

## Accord and Satisfaction

■ The issue is whether appellee conclusively established the affirmative defense of accord and satisfaction as a matter of law to entitle it to summary judgment. After invoking the appraisal clause of a homeowner's insurance police, appellee issued a check to the insured. The check bore no notation it was a full or final payment of the claim. Appellant was not satisfied with the award, claiming the appraisal process was not in compliance with the policy's terms. Appellant challenged the award immediately in writing; however, appellant eventually cashed the check after a trial date was set by the trial court. Because those facts do not conclusively establish the affirmative defense of accord and satisfaction as a matter of law, the trial court erred in granting summary judgment on appellee's affirmative defense of accord and satisfaction.

■ As both the party asserting the affirmative defense and the movant for summary judgment, appellee bore the burden to "conclusively establish" the defense as a matter of law. *Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454, 455 (Tex.1969). An accord and satisfaction exists when parties agree to discharge "an existing obligation in a manner other than in accordance with the terms of their original contract." *Avary v. Bank of Am., N.A.*, 72 S.W.3d 779, 788 (Tex.App.-Dallas 2002, pet. denied). The defense involves a new contract, either express or implied, in which the existing obligation is released by agreement of the parties through "means of [a] lesser payment tendered and accepted." *Jenkins*, 449 S.W.2d at 455. Evidence offered in support of the defense must demonstrate *"both parties agreed* the amount paid by the debtor to the creditor fully satisfied the entire claim." *Avary*, 72 S.W.3d at 788 (emphasis added). Because a valid accord and satisfaction depends upon an agreement, it "only occurs when the parties mutually [assent] to it," and their intention is a controlling element. *McCarty v. Humphrey*, 261 S.W. 1015, 1016 (Tex. Comm'n App.1924, judgm't adopted).

■ The consequence of a finding of accord and satisfaction is a bar to any action on the original obligation. *Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex.1979). Therefore, "where the existence of accord and satisfaction is in doubt, the question is one of fact for the jury." *Stevens v. State Farm Fire and Cas. Co.*, 929 S.W.2d 665, 674 (Tex.App.-Texarkana 1996, writ denied).

The requirements to conclusively establish the affirmative defense of accord and satisfaction, as set out by the Supreme Court of Texas in *Jenkins*, 449 S.W.2d at 455, were not met; accordingly, the trial court could not properly have granted summary judgment on appellee's accord and satisfaction defense.

## Estoppel

■ Appellee also raised the affirmative defense of estoppel. Under Texas law, the affirmative defense of estoppel applies in a breach-of-contract claim when a party accepts a benefit voluntarily *and* with knowledge of all material facts. This defense does not apply, however, in cases in which a party is forced to accept an otherwise unsatisfactory benefit due to financial duress. This is so because it does not constitute voluntary acceptance. As claimant of such defense, appellee had the burden to prove appellant was "estopped by the acceptance-of-benefits doctrine." *Cooper v. Bushong*, 10 S.W.3d 20, 23 (Tex. App.-Austin 1999, pet. denied) (accepting child support was not voluntary because support was essential to provide necessities for family).

Did appellant meet the financial duress exception and thereby defeat appellee's affirmative defense of estoppel? Under the facts here, the family's health insurance did not cover a two-year-old grandson's surgery. This caused an economic hardship that was enhanced by the need to remove contamination in the home in order to improve the home's safety and prevent future medical problems. Because fact issues existed about whether appellant accepted the benefit provided by appellee voluntarily as well as whether appellee provided appellant with all the material facts, appellee was not entitled to summary judgment on the affirmative defense of estoppel. The trial court could not have properly granted summary judgment on the defense of estoppel.

We deny appellee's motion for rehearing.