

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00392-CV

GM METAL, INC.                                                      APPELLANT

V.

JP ENVIRONMENTAL RECYCLING,                              APPELLEE
LLC

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 174,499-C

----------

## MEMORANDUM OPINION[1]

----------

In this breach of contract case, Appellant GM Metal, Inc. challenges the legal and factual sufficiency of the evidence to support the trial court's judgment in favor of Appellee JP Environmental Recycling, LLC. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

In January 2010, GM contracted with JP to purchase two excavators—a Caterpillar 320 CL and a Hitachi 2X270 LC—for a total price of $240,000. Both excavators already had liens against them in favor of the entities from whom JP had obtained financing when it made the purchases, and JP continued making its payments on the machines after GM began paying JP under their contract.

Between January and October 2010, GM made contractual payments to JP totaling $105,000. But in the fall of 2010, GM stopped making payments, leaving a balance remaining due of $135,000. Around this time, JP took possession of a Genesis hydraulic processing shear that GM owned, and GM paid JP $12,000. Ultimately, JP, who had ceased doing business, was unable to continue making its payments, and the lienholders who had financed JP's purchase of the excavators repossessed them.

Both parties sued each other for breach of contract. JP sought to recover the balance due under the contract, and GM claimed that it had reached an agreement with JP whereby JP agreed to accept the shear that it had taken from GM in full satisfaction of the amount that GM owed JP under the contract. GM took the same position at the bench trial that eventually followed—that the parties had reached an accord and satisfaction of the excavator debt when JP accepted the shear plus $12,000 from GM in satisfaction of the amount that GM owed under the contract. JP's witnesses recounted things differently—JP took possession of the shear merely as collateral for the money that GM owed under

2

the contract. The trial court found in favor of JP, awarded it $135,000, and ordered it to return the shear to GM.[2]

In two issues, GM argues that the evidence is legally and factually insufficient "to support the monetary judgment in favor of" JP. GM contends that "[t]he evidence conclusively establishes that an accord and satisfaction of the excavator debt was accomplished on or about February 8, 2011" and, alternatively, that "[i]n light of the substantial evidence of accord and satisfaction, the money judgment entered by the trial court below . . . is clearly wrong and unjust." Thus, more precisely stated, GM argues that the evidence is legally and factually insufficient to support the trial court's rejection of GM's affirmative defense of accord and satisfaction.

GM bore the burden of proof on its affirmative defense. *See Compass Bank v. MFP Fin. Servs., Inc.*, 152 S.W.3d 844, 851 (Tex. App.—Dallas 2005, pet. denied); *see also* Tex. R. Civ. P. 94. A party challenging the legal sufficiency of an adverse finding on an issue on which the party had the burden of proof at trial must demonstrate on appeal that the evidence conclusively established, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). The reviewing court first examines the record for evidence that supports the finding, crediting favorable evidence if a reasonable factfinder could, while disregarding contrary evidence,

_____

[2]GM requested that the trial court enter findings of fact and conclusions of law, but the record does not contain any findings or conclusions.

unless a reasonable factfinder could not. *Id.*; *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). If no evidence supports the finding, then the reviewing court will examine the entire record to determine if the contrary proposition is established as a matter of law. *Dow Chem. Co.*, 46 S.W.3d at 241.

When a party attacks the factual sufficiency of an adverse finding on an issue on which the party had the burden of proof, it must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Id.*

In performing these evidentiary-sufficiency reviews, we must be mindful that the factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696–97 (Tex. 1986); *Nwokedi v. Unlimited Restoration Specialists, Inc.*, 428 S.W.3d 191, 199, 205 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). It is responsible for resolving conflicts in the evidence, and it may believe one witness and disbelieve another. *McGalliard*, 722 S.W.2d at 697. We may not reweigh the evidence and set aside a finding merely because we are of the opinion that a different result is more reasonable. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 634 (Tex. 1986).

An accord and satisfaction exists when parties agree to discharge an existing obligation in a manner other than in accordance with the terms of their original contract. *Richardson v. Allstate Tex. Lloyd's*, 235 S.W.3d 863, 865 (Tex.

4

App.—Dallas 2007, no pet.). Because a valid accord and satisfaction depends upon an agreement, it only occurs when the parties mutually assent to it. *Id.*

Gurmit Singh, GM's former vice president and manager of the Wichita Falls yard, testified that he and Zach Parker, JP's former vice president, agreed that JP would accept both (1) the shear that it had borrowed from GM and (2) $12,000 in satisfaction of the amount that GM owed under the contract. Singh denied that GM pledged the shear to JP as collateral. Likewise, M.S. Mann, GM's president, testified that GM and JP had reached an agreement to pay off the amount owed by GM under the contract by trading that balance for the shear and $12,000. Mann recounted that the agreement "cancelled out" GM's debt under the contract and that the shear was not offered to JP as collateral.

Contrary to Singh's and Mann's testimony, Jim Parker, JP's former president, testified that JP took possession of GM's shear as collateral until GM was able to pay JP the amount that it owed under the contract. Jim agreed that the shear "wasn't intended to wipe out the balance owed under [the] contract." Similarly, Zach testified that he took the shear from GM as collateral because GM either had been late or had not made its payments under the contract. When asked at trial whether he understood GM's position that JP had accepted the shear in satisfaction of the amount that GM owed under the contract, Zach explained that it was the first time that he had heard such a thing:

Q. . . . Again, I'm not asking you to agree with it. I'm just asking you if you understand that's their position?

A. I do now.

Q. Well, and now -- do you mean now as in today?

A. Yeah. You just brought that to my attention.

Disagreeing with GM's account of the supposed accord and satisfaction, Zach testified that GM "never said take this [the shear] in lieu of the debt against the excavators."

GM and JP thus offered conflicting evidence of an accord and satisfaction regarding the disposition of the excavator debt remaining under the contract, and the trial court, as factfinder, chose to resolve the conflict in favor of JP.[3] Because there is evidence that GM and JP did not reach an accord and satisfaction, and because that evidence is not so against the great weight and preponderance of all the credible evidence, we hold that the evidence is both legally and factually sufficient to support the trial court's rejection of GM's accord and satisfaction affirmative defense. *See Dow Chem. Co.*, 46 S.W.3d at 241. We overrule GM's two issues and affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

---

[3]The trial court stated in its letter ruling that it did not find GM's witnesses credible.

6

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DELIVERED:  January 8, 2015