**Affirmed and Majority and Dissenting Memorandum Opinions filed May 14, 2024**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-23-00040-CV**

---

**THE BRYANT LAW FIRM AND DEBORAH E. BRYANT, Appellants**

**V.**

**ROBERT WALKER, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1145840**

---

## MEMORANDUM MAJORITY OPINION

This case arises from a dispute between an attorney and a client after the client discovered that the attorney inadvertently filed a counterpetition in an inactive child custody case. Appellants, The Bryant Law Firm and Deborah E. Bryant (collectively "Bryant"), acknowledged that she filed the wrong petition, but before she could remedy her mistake, appellee, Robert Walker, terminated the attorney-client relationship, demanded a refund of all monies paid for legal services, and threatened

to initiate legal action against Bryant if she did not comply. Bryant eventually mailed a check with a notation that cashing the check represented a "FULL & FINAL SETTLEMENT AND RELEASE" of all claims Walker had against Bryant. Walker marked through the statement printed on the check; cashed the check; and later filed suit against Bryant, asserting claims for Deceptive Trade Practices-Consumer Protection Act (DTPA) violations, negligence, gross negligence, and breach of fiduciary duty. The cases proceeded to trial, and the jury returned a verdict in favor of Walker.

By five issues, Bryant challenges the jury's verdict in favor of Walker and argues that she is entitled to judgment as a matter of law on her affirmative defense of statutory accord and satisfaction (as well as her other pleaded affirmative defenses). Because we conclude that the statutory defense of accord and satisfaction applies to "the claim" and not "all claims," we affirm.

### *Background*

In 2001, a default order was rendered against Walker in a suit establishing the parent-child relationship. Walker was ordered to pay $550 per month to Suprena Moore until the child who was the subject of the suit was older than 18 years of age, no longer fully enrolled in an accredited school in a program leading toward a high school diploma, whichever occurred last, or otherwise emancipated. In 2016, Moore filed motions for enforcement and modification of the child support order, but this action was dismissed for want of prosecution in April 2017.

In June 2017, Walker hired Bryant to represent him in a suit to terminate his child support obligations, believing that the child was no longer enrolled in an accredited school leading towards a high school diploma. For over a year, Bryant ostensibly represented Walker in this suit; she filed a petition and various other documents, hired process servers, employed a locator service, and subpoenaed

documents. But, all the legal services provided by Bryant were performed for a case that was previously dismissed (and never reinstated or otherwise properly reopened). After realizing Bryant's error, Walker emailed Bryant and queried how she charged him for work completed on a case that was not active. Walker went on to state, "I'm currently out of over an additional $3000 (not including my monthly child support payments) since hiring you and I have nothing to show for it." He terminated the attorney-client relationship, requested his client file (including all the subpoenaed documents), demanded a refund of all monies paid, and threatened to file a complaint if Bryant did not comply.

Bryant admitted that she filed the wrong pleading and requested Walker to execute a settlement releasing all claims he may have against her in exchange for returning all the money he paid for her legal services. Bryant sent Walker a copy of the release to memorialize the purported settlement and encouraged him to take it to an attorney of his choice to have the document reviewed before signing. After Walker refused to sign the release, Bryant mailed Walker his entire client file, a copy of the original release prepared by Bryant, a self-addressed and stamped envelope to return the signed release, and a check for $3,300 as full and final settlement and release of all claims against Bryant. On the face of the check, the following statement was printed: "CASH OF THIS CHECK REPRESENTS A FULL & FINAL SETTLEMENT AND RELEASE OF ALL CLAIMS AGAINST DEB & TBLF AND REFUND OF ALL ATTORNEY'S FEES ON CN 200025634."

Apparently disagreeing with the notation Bryant included on the check, Walker marked through the statement and cashed the check. Walker, however, never signed the release. He later hired another attorney to represent him in his suit concerning his child support obligations, and his obligation was ultimately terminated.

3

Walker sent a letter to Bryant alleging that she violated the DTPA and requested that he be compensated for the additional child support payments he would not have had to pay had Bryant filed the correct pleading. Walker's letter went unanswered, and he filed suit against Bryant in November 2019, alleging claims for DTPA violations, negligence, gross negligence, and breach of fiduciary duty. Bryant answered with a general denial and raised various affirmative defenses, including (1) the DTPA and breach of fiduciary claims represented a fractured legal malpractice claim, (2) release, (3) accord and satisfaction (including the common law doctrine and the Uniform Commercial Code-Negotiable Instruments (UCC)), (4) payment, (5) offer and acceptance, (6) failure to mitigate damages, (7) novation, (8) ratification, (9) proportionate responsibility, and (10) failure to file a certificate of merit under section 150.002 of the Civil Practice and Remedies Code. Bryant also asserted counterclaims for breach of contract and intentional infliction of emotional distress.

The case proceeded to trial by jury. After Walker rested his case-in-chief, Bryant moved for a directed verdict on all his claims against her based on the statutory defense of accord and satisfaction.[1] Bryant argued that she established each of the elements provided in section 3.311 of the Business and Commerce Code for accord and satisfaction by use of an instrument. Walker countered that the Business and Commerce Code was inapplicable for two reasons: (1) this case involves services and not the sale of goods and (2) tort law is not governed by the UCC. The trial court denied Bryant's motions and directed a verdict in favor of Walker. Bryant

---

[1] Bryant also moved for a directed verdict on Walker's DTPA and breach of fiduciary duty causes of action, maintaining that Walker's claims represented an improperly "fractured" legal malpractice claim. The trial court initially denied Bryant's motions but reconsidered its ruling at the conclusion of Bryant's case-in-chief. Notwithstanding its prior ruling, the trial court directed a verdict on both claims.

then presented her case-in-chief. After she rested, Walker moved for a directed verdict on Bryant's breach of contract and intentional inflection of emotional distress claims, arguing that there was no contract and no evidence of any distress. The trial court denied Walker's motions and directed a verdict in favor of Bryant. The trial court also directed a verdict in favor of Walker on all Bryant's pleaded affirmative defenses, except failure to mitigate damages.[2]

The jury returned a verdict in favor of Walker, awarding him $6,600 for child support payments owed and $50,000 in exemplary damages. Bryant filed motions for judgment notwithstanding the verdict and a new trial. On November 8, 2022, the trial court signed a final judgment confirming the jury's verdict. Subsequently, Bryant timely filed her notice of appeal.

### *Issues Presented*

As discussed, Bryant presents five issues on appeal. In her first issue, Bryant complains that the trial court erred in directing a verdict against her pleaded affirmative defenses. In her second issue, Bryant contends that the trial court erred in allowing Walker to introduce evidence concerning his "understanding" or "intention" when marking through the full settlement language printed on the check. As her third issue, Bryant asserts that she was entitled to judgment as a matter of law on her pleaded affirmative defenses. In her fourth issue, Bryant challenges the jury charge, alleging that she was entitled to questions and instructions regarding her affirmative defenses. Finally, Bryant's fifth issue challenges the jury's verdict on her intentional infliction of emotional distress claim.

---

[2] Reviewing the record, it is not entirely clear which party moved for directed verdict on Bryant's pleaded affirmative defenses. During the charge conference, it appears that the trial court considered Bryant's pleaded affirmative defenses and inquired how the defenses were relevant to Walker's remaining negligence cause of action. According to the trial court, the affirmative defenses were only applicable to a contractual claim.

### *Standards of Review*

A directed verdict is proper only under limited circumstances, such as when no evidence of probative force raises a fact issue on the material questions in the suit, or the evidence establishes a claim or defense as a matter of law. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005); *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). We review a trial court's decision to grant or deny a motion for a directed verdict under a legal sufficiency standard of review. *City of Keller*, 168 S.W.3d at 823 (explaining that the test for legal sufficiency is the same for directed verdict, judgment notwithstanding the verdict, and appellate no-evidence review). In doing so, we review the evidence in the light most favorable to the party against whom the verdict was rendered. *Douglas v. Aguilar*, 599 S.W.3d 105, 108 (Tex. App.—Houston [14th Dist.] 2020, no pet.). When reviewing a directed verdict on a legal issue, we consider all the evidence presented at trial, viewing it in the losing party's favor as much as the record allows. *S.V. v. R.V.*, 933 S.W.2d 1, 8 (Tex. 1996); *Eurecat US, Inc. v. Marklund*, 527 S.W.3d 367, 387 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

We review a trial court's evidentiary and jury charge rulings for an abuse of discretion. *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 727 (Tex. 2016). A trial court abuses its discretion when it acts without regard for guiding rules or principles. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). Reversal is not appropriate unless the error probably caused the rendition of an improper judgment or probably prevented the party from properly presenting the case to this court. Tex. R. App. P. 44.1(a); *Romero v. KPH Consol., Inc.*, 166 S.W.3d 212, 225 (Tex. 2005).

### *Discussion*

We will begin our analysis by discussing together Bryant's first and third

issues, asserting that she conclusively established her pleaded affirmative defenses as a matter of law, as they raise similar arguments. *See Westview Drive Invs., LLC v. Landmark Am. Ins. Co.*, 522 S.W.3d 583, 597 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("A trial court properly directs a verdict for a defendant if the evidence conclusively establishes a defense to the plaintiff's cause of action."). We will then turn to Bryant's second issue, concerning the trial court's evidentiary rulings. Next, we will consider Bryant's fourth issue, alleging that the trial court erred in submitting a question of law to the jury. We will conclude our analysis by addressing Bryant's fifth issue, complaining that the trial court's misapplication of the law affected the jury's verdict on her intentional infliction of emotional distress claim.

As an initial matter, we decline to address the affirmative defenses concerning the fractured legal malpractice claim, payment, offer and acceptance,[3] failure to mitigate, ratification, proportionate responsibility, and failure to file a certificate of merit because Bryant does not cite to authority relevant to these defenses nor does she offer any substantive argument. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). It is well-established that failure to cite to relevant authority or provide substantive analysis waives an issue on appeal. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). It is not this court's duty to review the record, research

_____

[3] We must clarify that "offer and acceptance" is not an enumerated defense in Rule 94 nor does it fall into the Rule's catch-all provision of "any other matter constituting an avoidance or affirmative defense." Tex. R. Civ. P. 94. Rather, "offer" and "acceptance" are separate elements required for the formation of a binding contract. *Wal-Mart Stores, Inc. v. Lopez*, 93 S.W.3d 548, 555–56 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("The following elements are required for the formation of a binding contract: (1) an offer, (2) acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding.").

the law, and then fashion a legal argument for Bryant when she has failed to do so. *Id.* at 931–32. Thus, any such challenge concerning the aforementioned defenses are, therefore, waived. *Id.* at 932. Accordingly, our review is limited to the following pleaded affirmative defenses: accord and satisfaction (including the common law doctrine and statutory defense), release, and novation.

## I. The Trial Court Did Not Err in Concluding that Bryant Failed to Establish Her Affirmative Defenses as a Matter of Law

In her first issue, Bryant argues that the trial court erred in directing a verdict against her pleaded affirmative defenses in favor of Walker. And, in her third issue, Bryant contends that she was entitled to judgment as a matter of law on her pleaded affirmative defenses. As discussed, Bryant waived her challenge to many of her pleaded affirmative defenses. We therefore analyze Bryant's remaining defenses of accord and satisfaction, release, and novation to determine whether she was entitled to a judgment as a matter of law. Because Bryant moved for a directed verdict on an issue on which she bore the burden of proof, she must demonstrate that the trial evidence conclusively proved the matters at issue. *Ginn v. Pierce*, 595 S.W.3d 762, 766 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

### A. Accord and Satisfaction

A party may assert the defense of accord and satisfaction under the common law doctrine, under statutory authority, or both, as in this case. *See Baeza v. Hector's Tire & Wrecker Serv., Inc.*, 471 S.W.3d 585, 591 (Tex. App.—El Paso 2015, no pet.). As mentioned, Bryant is entitled to a directed verdict if the evidence conclusively establishes the affirmative defense of accord and satisfaction as to Walker's negligence cause of action. We review the record to determine whether Bryant met the requirements under either of these two theories.

### 1. The Common Law Doctrine of Accord and Satisfaction

Under the common law doctrine, accord and satisfaction rests upon a new contract, express or implied, in which the parties agree to the discharge of an existing obligation by means of a lesser payment tendered and accepted. *See Lopez v. Muñoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 863 (Tex. 2000); *Zhao v. Hudgens Group, Inc.*, No. 14-10-00081-CV, 2011 WL 2347709, at *5 (Tex. App.—Houston [14th Dist.] Jun. 7, 2011, no pet.) (mem. op.). The term "accord" refers to the new agreement in which one party agrees to give or perform and the other to accept "something other than or different from what she is, or considers herself to be, entitled to." *Baeza*, 471 S.W.3d at 592. The term "satisfaction" refers to the actual performance of the new agreement, in which the party accepts the tendering of the lesser payment. *Id.*

To prevail on this defense, Bryant had to produce evidence establishing a dispute between her and Walker. *Id.*; *Zhao*, 2011 WL 2347709, at *5. It is well-settled that the parties' dispute provides the consideration for the ensuing agreement. *Lopez*, 22 S.W.3d at 863 (noting that accord and satisfaction requires "legitimate" dispute). If Bryant establishes a pre-existing dispute, she must then establish that she and Walker "specifically and intentionally agreed that the tendering and acceptance of the reduced sum would discharge the underlying obligation that formed the basis of their dispute." *Baeza*, 471 S.W.3d at 592 (internal quotations omitted); *see also Milton M. Cooke Co. v. First Bank & Tr.*, 290 S.W.3d 297, 304 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Further, Bryant, as the moving party, must establish that she tendered the reduced sum to Walker with an "unmistakable communication" that tender of the reduced sum is upon the condition that acceptance would satisfy the underlying obligation. *Baeza*, 471 S.W.3d at 592. The condition must be "plain, definite, and certain." *Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454, 455 (Tex. 1969); *see also Baeza*, 471 S.W.3d at 594.

9

Because a valid accord and satisfaction depends upon an agreement, "it only occurs when the parties mutually [assent] to it, and their intention is a controlling element." *Richardson v. Allstate Tex. Lloyd's*, 235 S.W.3d 863, 865 (Tex. App.—Dallas 2007, no pet.). Put another way, the new agreement requires a "meeting of the minds"; that is, the parties shared a mutual understanding and accepted the agreement regarding the subject matter and the essential terms. *See 2001 Trinity Fund, LLC v. Carrizo Oil & Gas, Inc.*, 393 S.W.3d 442, 449 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). With this understanding, we review the evidence presented at trial to determine whether the parties agreed that cashing the check containing the full settlement language constituted a new agreement that discharged all Bryant's obligations to Walker.

At trial, Bryant admitted that a mistake was made at her office that resulted in the wrong pleading being filed in Walker's child custody case. The evidence admitted at trial demonstrates that Walker unequivocally requested that Bryant refund the $3,300 paid in attorney's fees. The evidence also indicates that Bryant sought to settle all claims Walker had against her in exchange for refunding the $3,300 Walker paid for legal services. Bryant claims that Walker's agreement to accept the "settlement" (which was nothing more than a refund for services not performed) constituted an accord, which was satisfied when Walker cashed the check. However, for this defense to prevail, there must be a dispute and an unmistakable communication. *Lopez*, 22 S.W.3d at 863.

Reviewing the record, the trial evidence does not conclusively establish as a matter of law that Bryant tendered "something other than or different from" what Walker considered himself entitled to. *Baeza*, 471 S.W.3d at 592. Bryant has not presented any evidence that there was a fee dispute between the parties, despite her efforts to convolute the issue. The evidence does not support Bryant's claim that

10

Walker considered himself entitled to child support payments that he would not have had to pay but for Bryant's error *at the time* he requested the refund of the attorney's fees. But rather, Walker's reference to the child support payments was a means of emphasizing that Bryant did not perform the service for which she was hired, i.e., to terminate his child support obligation. To knowingly relinquish claims arising out of the additional child support payments, Walker would have to know that there were in fact payments made exceeding his current obligation. *See Lopez*, 22 S.W.3d at 863. Bryant testified that Walker's obligation could not have been terminated during her representation because the child the subject of the underlying custody suit was enrolled in an accredited school leading towards a high school diploma.

Under these circumstances, we conclude that the evidence does not establish as a matter of law the common law defense of accord and satisfaction. Having concluded that Bryant failed to establish the existence of a dispute between the parties, we need not determine whether she and Walker "specifically and intentionally agreed" that the tendering and acceptance of the check with the full satisfaction language would discharge the underlying obligation." *See id.*; *Baeza*, 471 S.W.3d at 592.

### 2. Statutory Defense of Accord and Satisfaction

Bryant also asserts that she established the affirmative defense of statutory accord and satisfaction under the Business and Commerce Code. The Code, which codifies the common law doctrine of accord and satisfaction, provides an informal method to establish the defense of accord and satisfaction when a person has tendered a negotiable instrument, such as a check, to another person who has made a claim against her. Tex. Bus. & Com. Code § 3.311. Generally, a claim that is subject to a bona fide dispute is extinguished by an accord and satisfaction if the person against whom the claim is asserted tenders a check to the claimant, the

11

tendered check is in full satisfaction of the claim, the check (or accompanying correspondence) bears a conspicuous statement to that effect, the tender is in good faith, and the claimant cashes the check. *Id.* § 3.311(a), (b); *Baeza*, 471 S.W.3d at 594 ("Unlike the common law defense of accord and satisfaction, the statutory defense of accord and satisfaction does take into account the defendant's state of mind in sending a negotiable instrument, as the Code expressly requires that the instrument be sent with a 'good faith' intent for it to be a full settlement of a dispute.").

A comment to section 3.311 identifies two scenarios where the person whom the claim is asserted against may attempt an accord and satisfaction of the disputed claim:

> Case #1. The claim is for the price of goods or services sold to a consumer who asserts that he or she is not obliged to pay the full price for which the consumer was billed because of a defect or breach of warranty with respect to the goods or services.
>
> Case #2. A claim is made on an insurance policy. The insurance company alleges that it is not liable under the policy for the amount of the claim.

Tex. Bus. & Com. Code § 3.311, cmt. 1.

In the present case, section 3.311 does not apply because Bryant did not conclusively establish that Walker asserted a claim against her that was subject to a bona fide dispute. Notwithstanding Bryant's efforts to categorize the additional child support payments as part of the underlying dispute between the parties, the only "claim" that Walker asserted against Bryant at the time the check was tendered was his claim for attorney's fees, which was ultimately refunded, and not subject to a bona fide dispute. The undisputed evidence demonstrates that Walker did not make any claim for child support payments exceeding his court-ordered obligation until June 2019, after he discovered that he would not be able to recoup the overpaid

12

support payments. There is no evidence that Bryant attempted to resolve the child support dispute by tendering a negotiable instrument after Walker asserted his claim by sending a DTPA letter on June 19, 2019. *See id*. § 3.311(a).

Reviewing the satisfaction language printed on the face of the check, we are not persuaded that the notation was specific to *the claim* asserted by Walker at the time the check was tendered. *Id.* § 3.311(a)(1) (providing that the person in good faith tender an instrument as full satisfaction of *the claim*). The statement contained on the check provides that "CASH OF THIS CHECK REPRESENTS A FULL & FINAL SETTLEMENT AND RELEASE OF ALL CLAIMS AGAINST DEB & TBLF AND REFUND OF ALL ATTORNEY'S FEES ON CN 200025634." This all-encompassing language extends far beyond the attorney's fees requested and attempts to absolve Bryant of all deficiencies arising from her representation. We have not found (and Bryant has not cited) any authority supporting such an expansive interpretation of section 3.311 whereby a person may discharge *all claims* asserted against her (including possible future claims) when the statute specifically contemplates discharging *the claim. See generally Hogan v. Zoanni*, 627 S.W.3d 163, 175 (Tex. 2021) (providing that we presume that the Legislature chose its words carefully, recognizing that every word in a statute was included for some purpose and that every word excluded was omitted for a purpose).

Based on the foregoing, we conclude that Bryant did not establish as a matter of law the affirmative defense of statutory accord and satisfaction. *See* Tex. Bus. & Com. Code § 3.311. And, we hold that the trial court did not err in denying Bryant's motion for a directed verdict.

## B. Release

Generally, a release is a writing that surrenders legal rights or obligations between the parties to an agreement, extinguishes those claims or causes of action

as effectively as would a prior judgment between the parties, and is an absolute bar to any right of action on the released matter. *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993); *Nat'l City Bank of Ind. v. Ortiz*, 401 S.W.3d 876–77 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (op. on reh'g). To establish the affirmative defense of release, the movant is required to prove the elements of a valid and binding contract, i.e., an offer, acceptance, a meeting of the minds, each party's consent to the terms, execution and delivery of the contract with the intent that it be mutual and binding, and consideration. *See Ramos v. Hernandez*, No. 02-22-00393-CV, 2023 WL 5115319, at *4 (Tex. App.—Fort Worth Aug. 10, 2023, no pet.) (mem. op.). As the party asserting the affirmative defense, Bryant bears the burden to plead and prove the existence of an effective and valid release. *Barras v. Barras*, 396 S.W.3d 154, 170 n.5 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (citing *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990)).

The evidence presented at trial demonstrates that Walker requested a refund of attorney's fees after Bryant did not perform the service for which she was hired. As stated, Bryant agreed to refund the fees paid and sought for Walker to execute a document entitled "Full and Final Settlement and Release of All Claims and Non-Disparagement Agreement." Bryant sent this document to Walker several times, but he did not sign it because he did not agree with the terms. After Walker's refusal to sign, Bryant mailed Walker his requested refund and purportedly included release language on the check. Before cashing the check, Walker marked through the notation printed on the check. Nonetheless, Bryant contends that her check to Walker is a release and suggests that the check constitutes a new contract because it was her "intention that its cashing constitutes a full and final settlement," and Walker "impliedly accepted that condition" by cashing the check.

Even if we accept Bryant's position as true, which we do not, it is not only

"her intention" that controls. *Angelou v. African Overseas Union*, 33 S.W.3d 269, 278 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("The determination of a meeting of the minds, and thus offer and acceptance, is based on the objective standard of what the parties said and did not on their subjective state of mind."). The parties' conduct determines the terms of the contract on which the parties' minds met. *Wal-Mart Stores, Inc. v. Lopez*, 93 S.W.3d 548, 557 (Tex. App.—Houston [14th Dist.] 2002, no pet.). By refusing to sign the release and marking through the notation printed on the check, it is clear that Walker did not agree to release any claims against Bryant, and there was no meeting of the minds.[4]

Accordingly, the trial court did not err in denying Bryant's motion for directed verdict on her affirmative defense of release because she did not conclusively establish her defense as a matter of law. *See Westview Drive Invs.*, 522 S.W.3d at 597.

## C. Novation

Novation is the substitution of a new agreement between the same parties or the substitution of a new party with respect to an existing agreement. *Garcia v. First Colony Mall, LLC*, No. 01-17-00336-CV, 2018 WL 2638684, at *5 (Tex. App.—Houston [1st Dist.] June 5, 2018, no pet.) (mem. op.). A novation occurs if a new

---

[4] Relying on *Metromarketing Services, Inc. v. HTT Headwear, Ltd.*, Bryant also insists that Walker is bound by the conditions printed on the check because he cashed it. 15 S.W.3d 190, 197 (Tex. App.—Houston [14th Dist.] 2000, no pet.). This case, however, is not dispositive of the issue of whether an effective and valid release existed between the parties. In *Metromarketing*, the business-referral company argued that the trial court erred in granting summary judgment based on the affirmative defense of accord and satisfaction. *Id.* at 197. This court held that the business-referral company's acceptance of the check as "partial payment" did not preclude the manufacturer's assertion of the defense of accord and satisfaction. *Id.* But, this court ultimately concluded that the manufacturer was not entitled to summary judgment based on its accord and satisfaction defense because there was a genuine issue of material fact. *Id.* 198. This case does not stand for the proposition that a new contract is formed, or claims are somehow released, if a party fails to repudiate a transaction that purports to fully satisfy a claim.

15

contract reflects an intention to "relinquish and extinguish pre-existing claims and rights of action," and if a novation occurs, "in lieu of the old obligation, a party accepts the promise of performance of the new obligation instead of the performance itself." *Fulcrum Cent. v. AutoTester, Inc.*, 102 S.W.3d 274, 277 (Tex. App.—Dallas 2003, no pet.). When a novation occurs, only the new agreement can be enforced. *Parvian Fine Oriental Rugs, Inc. v Eclectic Design, LP*, No. 14-22-00264-CV, 2023 WL 7034055, at *5 (Tex. App.—Houston [14th Dist.] Oct. 26, 2023, no pet.) (mem. op.). As the party raising a novation defense, Bryant must establish: (1) the existence of a previous, valid obligation; (2) a mutual agreement of the parties to a new contract; (3) the extinguishment of the old contract; and (4) the validity of the new contract. *Id.* Whether novation has occurred is a question of the parties' intent. *Vandeventer v. All Am. Life & Cas. Co.*, 101 S.W.3d 703, 712 (Tex. App.—Fort Worth 2003, no pet.). Novation is never presumed; instead, there must be a "clear, definite intention on the part of all concerned that such is the purpose of the agreement." *Id.* at 713

As with her release argument, Bryant asserts that her check to Walker constituted a new agreement between the parties. This assertion, however, is not supported by the evidence. When Walker hired Bryant to represent him in his suit to terminate his child support obligation, he executed a contract. Upon learning that Bryant did not perform the services she was hired for, Walker terminated the attorney-client relationship, thereby terminating the contract. There is no evidence in the record indicating that Walker and Bryant mutually intended that the obligations printed on the check should be substituted for and operate as a discharge of the contract employing Bryant to represent Walker in his child custody case. *See Chastain v. Cooper & Reed*, 257 S.W.2d 422, 424 (Tex. 1953); *Farkooshi v. Afisco Int., LLC*, No. 14-13-00201-CV, 2014 WL 4161708, at *4 (Tex. App.—Houston

[14th Dist.] Aug. 14, 2014, no pet.) (mem. op.). To the contrary, the evidence is clear that Bryant breached the original agreement by failing to perform the services for which she was hired and then attempted to discharge her liability when Walker requested a refund.

Because Bryant did not conclusively establish her affirmative defense of novation as a matter of law, the trial court did not err in denying her motion for directed verdict. We conclude that Bryant did not establish her affirmative defenses of accord and satisfaction, release, and novation as a matter of law, and the trial court did not err in directing a verdict in favor of Walker. Accordingly, we overrule Bryant's first and third issues. *See City of Keller*, 168 S.W.3d at 823; *Prudential Ins. Co. of Am.*, 29 S.W.3d at 77.

## II. The Trial Court Did Not Abuse Its Discretion in Allowing Walker's Testimony Concerning His "Understanding" When Marking Through the Statement on the Check

In her second issue, Bryant complains that the trial court erred in allowing Walker to introduce evidence concerning his "understanding" or "intention" when marking through the full settlement language printed on the check. According to Bryant, Walker's beliefs were "entirely irrelevant." We disagree.

Rule 401 broadly defines relevant evidence to include "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. Evidence that is not relevant is inadmissible, while relevant evidence is admissible unless otherwise excluded by law. Tex. R. Evid. 402. In determining relevancy, we look at the purpose of offering the evidence and, if there is some logical connection, either directly or by inference, between the fact offered and the fact to be proved, the relevancy test is satisfied. *Metro. Transit Auth.*

17

*v. Mendoza*, No. 14-19-01011-CV, 2021 WL 2461959, at *11 (Tex. App.—Houston [14th Dist.] June 15, 2021, no pet.) (mem. op.) (citing *Reliant Energy Servs., Inc. v. Cotton Valley Compression, L.L.C.*, 336 S.W.3d 764, 793 (Tex. App.—Houston [1st Dist.] 2011, no pet.)).

As discussed, Bryant raised various affirmative defenses, including: accord and satisfaction, release, and novation. Each of these defenses rests upon an agreement between the parties. *See Lopez*, 22 S.W.3d at 863 (providing that the common law doctrine of accord and satisfaction "rests upon a new contract, express or implied" whereby the parties agree to the discharge of an existing obligation); *Ramos*, 2023 WL 5115319, at *4 (providing that the affirmative defense of release requires the moving party to prove the elements of a valid and binding contract); *Vandeventer*, 101 S.W.3d at 712 (explaining that whether novation has occurred is a question of the parties' intent). Walker's testimony regarding his "intention" or "understanding" when marking through the notation printed on the check was necessarily to prove that there was not an agreement between the parties. Thus, there is some logical connection between the fact offered and the fact to be proven. *See Metro Transit Auth.*, 2021 WL 2461959, at *11.

Accordingly, we cannot say that the trial court abused its discretion in admitting Walker's testimony because we cannot "overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). We overrule Bryant's second issue.

### III. The Trial Court Did Not Err in Refusing Bryant's Jury Questions and Instructions

As her fourth issue, Bryant challenges the jury charge, arguing that she was entitled to questions and instructions regarding her affirmative defenses. Bryant

suggests that it was "abundantly clear" that the trial court erred in granting a directed verdict on her affirmative defenses; therefore, her questions and instructions regarding those defenses should have been submitted to the jury. Above, we concluded that Bryant did not establish her affirmative defenses as a matter of law. And, we held that the trial court did not err in denying Bryant's motion for a directed verdict. Because the trial court properly directed verdict on Bryant's affirmative defenses, it would have been error to submit those issues to the jury. *See Corey v. Rankin*, No. 14-17-00752-CV, 2018 WL 5914531, at *11 (Tex. App.—Houston [14th Dist.] Nov. 13, 2018) (mem. op.) (concluding that the trial court erred by submitting questions to the jury on a claim that the trial court previously granted a motion for directed verdict). Indeed, Bryant concedes in her opening brief that when a trial court directs a verdict on a question, it should not be submitted to the jury.

Accordingly, we overrule Bryant's fourth issue.

## IV. Bryant Waived Challenge to the Jury's Verdict on Her Intentional Infliction of Emotional Distress Claim

In her final issue, Bryant asserts that the jury's verdict on her intentional infliction of emotional distress claim was affected by the admission of "irrelevant and highly prejudicial evidence." We, however, decline to address this issue because Bryant does not provide a clear and concise argument that includes appropriate citations to legal authority and the appellate record. *Canton-Carter*, 271 S.W.3d at 931. Bryant only offers conclusory statements and does not provide a substantive analysis of the legal issue presented. The "clear and concise" argument requirement is not satisfied by "merely uttering brief, conclusory statements unsupported by legal citations." *Id.* Accordingly, any challenge to the jury's verdict on Bryant's intentional infliction of emotional distress claim is waived. *Id.* at 932.[5]

---

[5] To the extent that Bryant challenges the jury's verdict on her breach of contract

*Conclusion*

We affirm the judgment of the trial court. We decline to award Walker attorney's fees for this appeal, both because Walker failed to appeal the trial court's implied denial of his request below and because we may only award a prevailing party just damages—which may include appellate attorney's fees—if we determine an appeal is frivolous, an issue Walker has not presented for review. *See* Tex. R. App. P. 24.1(c) ("The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause."); Tex. R. App. P. 45.

/s/    Frances Bourliot
         Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain. (Zimmerer, J., dissenting).

---

counterclaim, we find that Bryant failed to establish the required elements. *Atrium Med. Ctr., LP v. Houston Red C LLC*, 546 S.W.3d 305, 311 (Tex. App.—Houston [14th Dist.] 2017) ("To prevail on a breach of contract claim, a party must establish the following elements: (1) a valid contract existed between the plaintiff and the defendant; (2) the plaintiff tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach."), *aff'd*, 595 S.W.3d 188 (Tex. 2020). Reviewing the evidence, the check Bryant tendered to Walker did not create a binding contract because the parties did not share a mutual understanding or accept the agreement. *See 2001 Trinity Fund*, 393 S.W.3d at 449.